JOHN J. O'BRIEN, Respondent, v. DRAYAGE TRANS-FER COMPANY, Garnishee of ST. LOUIS DRAY-AGE COMPANY, Appellant.

**St. Louis Court of Appeals, November 28, 1899.**

1. **Garnishment: CORPORATION: POWERS OF MANAGER.** The general manager of a corporation may, without express authority, from the board of directors, do any act necessary to carry on the ordinary business of the corporation. But he can not without a resolution of the board of directors make a general assignment of its assets for the benefit of its creditors, much less can he strip it all its property and assets by selling or transferring them to another person or corporation.

2. ———: ———: PROPERTY HELD FRAUDULENTLY: SUBJECT TO GARNISHMENT Manager Henseler's attempt to transfer the property of defendant to appellant company for his individual use, was void, and a palpable fraud on the creditors of the defendant, St. Louis Drayage Company, and stockholders. No title was passed thereby, and hence the property was subject to garnishment by the creditors of defendant company.

Appeal from the St. Louis City Circuit Court.

AFFIRMED.

*M. C. Early* for appellant.

(1) Instruction number 1 is erroneous in that it directed the jury to return a verdict for the plaintiff without submitting to their consideration, all the material issues raised by the pleadings and evidence. Vogeli v. Pickel M. Co., 49 Mo.

App. 643; Hohlstadt v. Daggs, 50 Mo. App. 240; Maack v. Schneider, 57 Mo. App. 431. (2) The instruction asked by the garnishee in the nature of a demurrer should have been given as all the evidence shows that the garnishee acted in good faith and without notice of any fraud whatever. Warfield v. Marshall, 72 Iowa, 671; West v. Huiskamp, 63 Fed. Rep. 657; Leathus v. Lanney, 41 La. Ann. 1120; Morawetz on Corp., sec. 540c, 545, 546, 547; Beach on Private Corp., sec. 357. (3) The order of the court to pay the sum due the plaintiff, or at its option deliver certain property to the sheriff was erroneous and contrary to law. R. S. 1889, sections 5251, 5252.

*Virgil Rule* and *Charles & Lackey* for respondent.

(1) Plaintiff was a creditor of defendant in 1895, and a transfer of defendant's assets to hinder, delay, or defraud any creditor, prior or subsequent, was void. R. S. 1889, sec. 5170. (2) There was no authority for the transfer of the defendant company's assets to F. F. Henseler and the title never passed and they are subject to the rights of its creditors. Calumet Paper Co. v. Haskell Co., 144 Mo. 331. A director can not represent his corporation in a transaction in which he is personally interested. 1 Morawetz on Corp. [2 Ed.], sec. 517. (3) The new company, the garnishee, having received all the assets of the old company, is liable for the debts of the latter, to the extent of the value of such assets. Slattery v. Transportation Co., 91 Mo. 217. (4) And where there is evidence of fraud, the remedy of a creditor is by garnishment. Epstein v. Hammerslough Co., 67 Mo. App. 227; Joseph v. Boldridge, 43 Mo. App. 337. (5) The garnishee is bound by the knowledge of its officers and directors, particularly of Henseler, that the property transferred was the property of the defendant. Bank v. Schaumberg, 38 Mo. 228, 244, 245; Stonecutter Co. v. Myers, 64 Mo. App. 527, 533; Withers v. Bank, 67 Mo. App. 115, 125.

BLAND, P. J.—On March 15, 1893, the respondent began his suit in the circuit court of the city of St. Louis, against the St. Louis Drayage Company, an Illinois corporation, but doing business in St. Louis, Missouri. This suit culminated in a final judgment in respondent's favor for $800 on January 15, 1898. On November 15, same year, an execution was issued and delivered to the sheriff, who summoned the appellant as garnishee and returned the execution *nulla bona.* To interrogatories filed the garnishee answered no indebtedness to defendant, and non-possession of any of its property or effects. Plaintiff in the execution, in reply to this answer, alleged substantially, that F. F. Henseler, the president and general manager of the St. Louis Drayage Company, without authority of the board of directors of said company, and for the purpose of defrauding the creditors of the St. Louis Drayage Company, and especially the plaintiff in execution, had transferred all the property and effects of his company to the garnishee; that the garnishee was a party to the fraud and under color of title acquired by such fraudulent transfer and held the property of the St. Louis Drayage Company. The reply of the garnishee was a general denial. The issues were submitted to a jury, who found for the plaintiff; a motion for new trial filed by the garnishee was overruled, and judgment rendered on the verdict, from which the garnishee duly appealed.

The evidence is that the St. Louis Drayage Company was composed of three stockholders, one Hills, George Henseler and F. F. Henseler; that F. F. Henseler was the president and manager of the company, and George Henseler its secretary; that it owned from seven to forty wagons, a like number of harness sets and tarpaulins, and from fourteen to sixty head of horses, and about $3,000 in solvent accounts; that it owed, in addition to respondent's judgment, $2,000 to $3,000; that a short time prior to March, 1895, the two Henselers verbally agreed that F. F. Henseler should take all the property and assets of the corporation and pay all of its debts; that after-

wards, about March 25, 1895, F. F. Henseler, W. H. Brewer, George Davidson and one Eilerman, formed and incorporated the Drayage Transfer Company, the garnishee, and in payment of their respective stock subscriptions each member turned over to the new company his teamsters outfits at an appraised valuation; that Henseler turned in to the new company the wagons, horses and teaming outfits of the St. Louis Drayage Company and the accounts due the company, for which he received to himself one hundred and sixty-one shares of paid-up stock of the new company of the par value of $100 per share, the understanding being that all the property and assets of the St. Louis Drayage Company should become the property and assets of the Drayage Transfer Company. The new company took possession of the property and assets of the St. Louis Drayage Company, and from collections of accounts thus transferred the Transfer Drayage Company paid off a $2,000 note due from the St. Louis Drayage Company. After the formation of the Transfer Drayage Company, the St. Louis Drayage Company had no property, no assets, and ceased entirely to do business.

The general manager of a corporation may, without express authority from the board of directors, do any act necessary to carry on the ordinary business of the corporation (Furguson & Wheeler v. Venice Transportation Company, 79 Mo. App. 352, decided by this court at the March term, 1899), but he can not, without a resolution of the board of directors, make a general assignment of the assets of the corporation for the benefit of his creditors (Calumet Paper Co. v. Haskell Ptg. Co., 144 Mo. 331; Furguson & Wheeler v. Venice Trans. Co., *supra*), much less can he strip the corporation of all its property and assets, by selling or transferring them to another person or corporation. The attempt of F. F. Henseler to transfer the property of the St. Louis Drayage Company to the appellant on his individual account and for his individual use and benefit, was not only void in law, for want of any

authority in him to make the transfer, but was a palpable fraud on the creditors of the St. Louis Drayage Company and the stockholders therein. No title passed to appellant by the attempted fraudulent and void act of Henseler; that property yet remains the property of the St. Louis Drayage Company, and is the subject of garnishment at the suit of its creditors. The judgment being in substantial compliance with the statute in such cases made and provided, and being for the right party, under all the evidence, it is unnecessary to notice the instructions given or refused. The judgment is right, whatever may have been the instructions to the jury, and will be affirmed. It is so ordered, the other judges concurring.