CALUMET PAPER COMPANY, *Appellant*, V. HASKELL SHOW PRINTING COMPANY; PARKER, *Garnishee*.

### Division Two, May 31, 1898.*

1. **Corporation**: ASSIGNMENT. The board of directors of a corporation can not make an assignment of its property except by resolution of the board; and such resolution can not be passed when a minority only of the directors are present.

2. ———: ———: BY MINORITY OF DIRECTORS. An assignment made by two of the five directors of a corporation is void for want of authority in the two directors to make it. (Overruling *Eppright v. Nickerson*, 78 Mo. 482.)

3. ———: ———: HOW ATTACKED. Such an assignment, being void, may be attacked in a suit in attachment by the creditors of the corporation, the assignee being summoned as garnishee.

4. ———: ———: ———: TITLE OF ASSIGNEE. An assignment by the directors of a corporation is not a *judicial* proceeding, and may be attacked by a creditor in an attachment or other collateral proceeding. The burden of proof is upon him who asserts title under the assignment as against a stranger, to show a valid assignment.

5. ———: ———: RATIFICATION. An assignment made without authority of the board of directors, can be ratified only when done by those having authority to make the assignment in the first case. The members of the board can not severally ratify it; they can do so only as a board.

6. ———: ———: ———: AFTER GARNISHMENT. A ratification by the board of directors of a corporation, in a formal way, of a void assignment, after a creditor of the company has sued in attachment and summoned the assignee as garnishee, can not affect the rights of the attaching creditor.

7. ———: ———: EFFECT OF GARNISHMENT. By service of the garnishment process on the assignee of a corporation, without a levy of the attachment and a seizure of its property by the officer, the property is not transferred to the officer, and he acquires no right to control it, and the attachment creditor acquires no lien on it.

*NOTE.—Decided February 1, 1898; motion for rehearing filed, and original opinion again approved May 31, 1898.

8. ———: ———: ———: ASSIGNEE AS TRUSTEE. Under such circumstances, the corporation being insolvent and no longer a going concern, the effect of the transfer of all the company's property to the assignee, under the unauthorized assignment, is to make him bailee in trust for the benefit of its creditors and stockholders, and he holds it as bailee and not as assignee, and the attaching creditor without a levy, acquires no priority of right to the property. But the court having acquired jurisdiction over the trustee by reason of the garnishment process, the creditors will be permitted to interplead, and the funds in his hands must be distributed *pro rata* among them.

*Appeal from Jackson Circuit Court.*—HON. E: L. SCARRITT, Judge.

·REVERSED AND REMANDED (*with directions*).

*Harwood & Meredith* and *Samuel S. Parks* for appellant.

(1) An assignment of the property of said' corporation could only be made by the direction of the board of directors. *Hutchinson v. Green*, 91 Mo. 367; R. S. 1889, sec. 2510; 1 Morawetz on Corp., [2 Ed.], 511; *Burrill v. Bank*, 2 Met. 163; *Bank v. Mich. Barge Co.*, 52 Mich. 438; *Conro v. Iron Co.*, 12 Barb. 27; *Leavitt v. Oxford Co.*, 3 Utah, 265; *Moses v. Tompkins*, 84 Ala. 619; *Gashwiler v. Willis*, 33 Cal. 11; *Salmon v. Richardson*, 30 Conn. 373; *Simms v. Railroad*, 37 Ohio St. 565; *Bank v. Railroad*, 30 Vt. 159; *Charlestown Boot & Shoe Co. v. Dunsmore*, 60 N. H. 85; *Head v. Ins. Co.*, 2 Cranch. 169. (2) The directors could vote to assign only at a meeting of the board, called according to the by-laws, at which a majority of the board were present. *Foster v. Mullahphy Co.*, 92 Mo. 89; *St. Louis Coll. Ass'n v. Hennesy*, 11 Mo. App. 555; *Cram v. Bangor House*, 12 Me. 359; *Edgerly v. Emerson*, 23 N. H. 555; *Dispatch Line v. Mfg. Co.*, 12 N. H. 205; R. S. 1889, sec. 2510; *Hutchinson v. Green*, 91 Mo. 367; *Hyde v. Larkin*, 35 Mo. App. 365; *Alberger v. Bank*, 123 Mo. 313; *Milling Co. v. Comm. Co.*, 128 Mo. 473; *St. Louis*

*v. Kean*, 27 Mo. App. 642. (3) In order to constitute
legal action by the board of directors at other than
regular meetings, it is necessary, in the absence of a
full attendance of all members of the board, that the
meeting should have been called in manner and form
as provided by the by-laws and if not so called the pro-
ceedings are void. Mortz. on Corp. [2 Ed.], 532;
*Lockwood v. Bank*, 9 R. I. 333; *Sargeant v Webster*, 13
Met. 497; *Cahill v. Ins. Co.*, 2 Doug. 124; *Thompson v.
Williams*, 76 Cal. 152; *Doyle v. Mizner*, 42 Mich. 332;
*Covert v. Rogers*, 38 Mich. 363. (4) The ratification
of an act can only be made by a party who would have
had the previous authority to have directed it in ad-
vance, and the stockholders could not have directed
the making of this deed of assignment, and no action
on their part can ratify the making of such deed so as
to validate the same. *Taymouth v. Koehler*, 35 Mich.
27; *Peterson v. Mayor*, 17 N. Y. 449; *Ins. Co. v. Keyser*,
32 N. H. 313; *Moses v. Tompkins*, 84 Ala. 619; *Mc-
Cullough v. Moss*, 5 Denio, 567; *Adriance v. Roonie*, 52
Barb. 399. (5) If the assignment was not authorized
then the said Parker took no title to said property, and
that the property in his hands is not *in custodia legis*
but is subject to attachment. *Lee v. Tabor*, 8 Mo. 322;
1 Wade on Att. [1 Ed.], sec. 33; *State v. Adler*, 97
Mo. 413; *Hazell v. Bank*, 95 Mo. 61; *Goodwin v. Kerr*,
80 Mo. 276; *Gates v. Labeaume*, 19 Mo. 17; *Hardcastle
v. Fisher*, 24 Mo. 70; *Pinneo v. Hart*, 30 Mo. 561; *Crow
v. Beardsley*, 68 Mo. 435; *Bascom v. Rainwater*, 30 Mo.
App. 483; *Adler v. Lange*, 21 Mo. App. 516; *State v.
Benoist*, 37 Mo. 500.

*Haff & Van Valkenburgh* and *Henry Wollman* for
respondent.

(1) While the board of directors can not make
the assignment without the consent of the stockholders,

such an assignment will be *ultra vires* and void only as against the stockholders, and a creditor of the corporation could not make the objection. *Eppright v. Nickerson*, 78 Mo. 482; *Chew v. Ellingwood*, 86 Mo. 273; *Buell v. Buckingham*, 16 Iowa, 284; *Hutchinson v. Green*, 91 Mo. 367; *Descombes v. Wood*, 91 Mo. 196; *Huse v. Ames*, 104 Mo. 92; *Bank v. Bank*, 107 Mo. 134. (2) Even if the court should hold that this assignment was not authorized by the directors, yet it must be held under the evidence to have been ratified before this attachment suit was brought. *Bank v. Fricke*, 75 Mo. 178; *Campbell v. Pope*, 96 Mo. 473; *Rolling Mill v. Railroad*, 120 U. S. 256; *Railroad v. Bridge Co.*, 131 U. S. 371; *Sherman v. Fish*, 98 Mass. 59; *McLaren v. Bank*, 76 Wis. 259; *Railroad v. James*, 24 Wis. 388; *Martin v. Niagra Falls P. Co.*, 44 Hun. 130; *Olcott v. Railroad*, 40 Barb. 179; *Reichwald v. Hotel Co.*, 106 Ill. 439; *Northrup v. Ins. Co.*, 47 Mo. 435; *Wade v. Harvey*, 75 Mo. 394; *Bank v. Armstrong*, 62 Mo. 59. (3) Such property in the hands of an assignee is *in custodia legis*, and can not be reached by attachment, or taken from the hands of the assignee in any collateral proceeding. *In re Mann*, 32 Minn. 60; *Farwell v. Crandall*, 120 Ill. 70; *Hanshett v. Waterbury*, 115 Ill. 220; *Blum v. Welbourne*, 58 Tex. 157.

BURGESS, J.—On July 5, 1893, and for some time prior thereto the Haskell Show Printing Company was a corporation organized under the laws of the State of Missouri, and doing business in Kansas City, Missouri. The board of directors of the corporation consisted of five members, viz., W. H. Haskell, W. L. Haskell, G. C. Wattles, J. P. O'Connell and H. P. Schell, all of whom were stockholders. The corporation being insolvent, and unable longer to continue business, W. L. Haskell and G. C. Wattles on said fifth day of July,

1893, met and decided to make an assignment of the corporate assets for the benefit of all creditors of the corporation, and then and there executed to the garnishee, Charles D. Parker, a deed of general assignment for that purpose. None of the other directors were present at that time, nor had either of them notice of the meeting. The plaintiff being a creditor of the Haskell Show Printing Company commenced suit by attachment against the defendant company on August 9, 1893, and served the assignee, Charles D. Parker, with a garnishment summons on the same day, claiming that the assignment was void, and that the property in possession of the assignee under the deed of assignment was liable to attachment for the debt of the Haskell Show Printing Company. The attachment was sustained. There was some evidence tending to show a ratification of the assignment by the stockholders.

The court below sustained the validity of the assignment and rendered judgment in favor of the assignee for costs, from which judgment plaintiff appeals.

The case was tried, and is presented here as if the manner in which the assignment was executed and its subsequent ratification by the stockholders of defendant company, were the principal questions involved.

At the close of the evidence, plaintiff asked the court sitting as a jury to declare the law to be that an assignment of the property of the corporation for the benefit of its creditors could only be made by the directions of the board of directors, which the court refused to do, and in so refusing plaintiff insists that error was committed.

Where there is nothing in the charter or by-laws of an insolvent corporation prohibiting it, the board of directors of such a corporation may make an assign-

ment of its property for the benefit of its creditors (*Chew v. Ellingwood*, 86 Mo. 260; *Descombes v. Wood*, 91 Mo. 196); but it must be done by resolution of the board. Chancellor KENT says: "There is a distinction taken between a corporate act to be done by a select and definite body, as by a board of directors, and one to be performed by the constituent members. In the latter case, a majority of those who appear may act; but in the former a majority of the definite body must be present, and then a majority of the quorum may decide." 2 Kent's Com. [14 Ed.], star p. 293; *Foster v. Planing Mill Co.*, 92 Mo. 79. In such circumstances the corporation may not only make such an assignment against the wishes of the stockholders, but if they object it is its duty to do so anyway. *Descombes v. Wood, supra; Hutchinson v. Green*, 91 Mo. 367; *Huse v. Ames*, 104 Mo. 91. In so far as the case of *Eppright v. Nickerson*, 78 Mo. 482, holds that an assignment made under the circumstances disclosed by this record is void as to the stockholders and that such an assignment can not be attacked upon the ground of fraud by creditors of the corporation, it is overruled. As to the last proposition see *Banking Co. v. Mfg. Co.*, 43 S. W. Rep. 169.

"Unless otherwise provided by statute, the general rule is that a corporate assignment must be executed by the board of directors, or a quorum thereof, at a meeting duly called for that purpose, or by the president or some other officer of the corporation, as authorized by the directors." 3 Am. and Eng. Ency. of Law [2 Ed.], 24; 3 Thompson's Commentaries on the Laws of Corporations, sec. 3905. "Where a creditor elects to disregard the assignment and *attaches* the property of the corporation, and thereupon a contest arises between him and the assignee, the question is one which concerns the *title* of the assignee to the property, and it is properly drawn in question in such

a proceeding; it is not a question where, in theory of law, the validity of the assignment is subject to collateral attack. But if it were, the rule would be the same; since such an assignment is not a *judicial* proceeding, and in every case where any person asserts rights under it as against a stranger, the burden is upon him to show at least an assignment *valid* on its face; and the other party may show that it was invalid by reason of extrinsic facts, as that it was unauthorized by a legal meeting of the directors." 5 Thompson's Commentaries on the Law of Corporations, sec. 6478. "When such an assignment has not been validated by acquiescence or laches, it may obviously be impeached, either by creditors or stockholders, on the ground that it was not made by the directors at a meeting duly convened, that is to say, on the ground that it was *not made by the board of directors* at all, for the acts of the directors are of no validity unless they are regularly assembled and acting as a board, and unless the proper quorum has concurred in the action which is challenged." *Id.*, sec. 6479; *Doernbecher v. Lumber Co.*, 21 Ore. 573.

It is not claimed that the president of the corporation had notice of the meeting held by the two directors at the time the assignment was made, nor was he represented by attorney, nor does the evidence show that the other two directors, O'Connell and Schell, had notice of the meeting or that they were present on that occasion. It is no excuse to say that the two last named were mere nominal stockholders; they in part composed the board of directors, either one of whom together with those that were present would have constituted a majority of the board. Our conclusion is that the assignment was void for want of authority in the two directors to make it, and that the court erred in refusing to so declare the law.

VOL. 144 mo—22

It is contended by the garnishee that even if it should be held that the assignment was not authorized by the board of directors, that it must be held under the evidence to have been ratified before the attachment suit was begun. This contention is based upon the ground that the plaintiff did not sue out its attachment for nearly one month after the assignment was made, during which time it is claimed that the stockholders and directors of the defendant company were formally informed by the company's officers of the fact that the assignment had been made by Wattles, acting as president and manager, and W. E. Haskell, secretary, and that the other directors, as well as the stockholders of the corporation not only did not take any action looking to a disaffirmance of the assignment, but on the contrary approved it fully, and acquiesced in everything that had been done by Wattles and W. L. Haskell. Judge *Thompson* in his Commentaries on the Law of Corporations, Volume 4, section 5287, says: "It is a general principle, in respect of the doctrine of ratification, that a ratification can take place only when the person or body assuming to affirm the act had the power either to do it, or to authorize the doing of it, in the first instance." *Price v. Railroad*, 13 Ind. 58. The members of the board severally could not ratify the assignment because they could not in the first place have made it in their individual capacity, but only as a board and not otherwise could they ratify it so as to effect this plaintiff.

It may be in a direct proceeding against the stockholders they might by reason of their silence and acquiescence in the assignment, be held to have ratified the same. *Bank v. Bank*, 107 Mo. 133, but no such rule can be invoked against the plaintiff under the circumstances disclosed by the record in this case. As the attempted assignment was made when only two of the directors

were present, it was clearly void, and nothing passed by it to the garnishee and no ratification by the board even if such a thing was done after service of the garnishment could have in any way affected the rights of the attaching creditor.  *Norton v. Bank*, 102 Ala. 420.

An assignment for the benefit of creditors by an insolvent corporation must be by resolution of the board, and it can not be done by a resolution passed when a minority only of the board of directors are present. R. S. 1889, sec. 2510; *Price v. Railroad*, 13 Ind. 58.   Our attention has not been called to an authority to the contrary, nor do we think any exists unless it be in case such authority is conferred by the charter or by the by-laws of the corporation, and no such authority was conferred by the charter or by-laws of the Haskell Show Printing Company.   As nothing passed to the assignee by virtue of the assignment; and the property was not seized under writ of attachment; and the garnishee admitted in his answer that certain property of the corporation had been received by him, and he did not discharge himself under sections 5224 and 5225, Revised Statutes 1889, it never became *custodia legis*, but remained in the custody of the garnishee.  *McGarry v. Lewis Coal Co.*, 93 Mo. 237; *Bank v. Bredow*, 31 Mo. 523; *Bigelow v. Andress*, 31 Ill. *loc. cit.* 333; *Norvell v. Porter*, 62 Mo. 309.

At the time of the assignment, however, the Haskell Printing Company was hopelessly insolvent, had ceased to be a going concern, and all the property which the company then owned it turned over to the defendant Parker, for the benefit of its creditors and stockholders, the effect of which was to transfer it to him as bailee in trust for their benefit.   Parker then holds the property as bailee of the corporation for the benefit of its creditors and stockholders, and not as assignee.   The question then is what lien or prior right, if any, plaintiff acquired

by reason of the garnishment, the property not being attached, over all other creditors of the company? It was ruled in *McGarry v. Lewis Coal Co., supra,* that no lien is created in favor of plaintiff on the property of the defendant in the hands of the garnishee by reason of the garnishment process. The court said: "Ordinarily property is not deemed to be in the custody of the law until actually seized and reduced into possession by the officer. Under the law applicable to attachments, it is the levy by the officer that creates the lien. If the plaintiff is not satisfied to look to the responsibility of the garnishee, he may apply to the court, or to the judge in vacation, and obtain an order upon the garnishee to deliver the property to the sheriff or into court, or the court may permit the garnishee to retain the property upon the execution of a bond to plaintiff with security. R. S. 1879, sec. 2524; *Bank v. Bredow, supra.*" These provisions seem to have been regarded as affording ample protection. See, also, 2 Wade on Attachments, sec. 325; Drake on Attachments [4 Ed.], sec. 453. In *Bigelow v. Andress,* 31 Ill. 322, it is said: "By the service of the garnishee process there can be no pretense that the property is, in any sense, transferred to the officer, or that he thereby acquires any right to control it. The garnishee still has the right to retain it, and by the service only becomes liable to account for it, or its proceeds, if judgment shall be rendered against him on the trial. The statute does not prohibit him from disposing of it, but only renders him liable on failing to produce it to satisfy the judgment." *Walcott v. Keith,* 2 Foster (22 N. H. ), 196. Moreover, the property being a trust fund for the benefit of all the creditors and stockholders of the company it was not subject to garnishment (1 Elliott's Genl. Practice, sec. 386), and no one creditor could by reason of the garnishment process gain

an advantage over the other creditors.   *Haust v. Burgess*, 4 Hughes (U. S.), 560.

The court having acquired jurisdiction of the trustee by reason of the garnishment process we reverse the judgment and remand the cause, in order that the creditors of the printing company may interplead if so inclined, and that the funds in the hands of the garnishee, or which may come into his hands as bailee for said company, may be distributed *pro rata* among them.   GANTT, P. J., and SHERWOOD, J., concur.