DONK BROTHERS COAL & COKE COMPANY (a corporation), Respondent, v. JAMES R. KINEALY, Garnishee of the Granite Quarry Company, Appellant.

St. Louis Court of Appeals, January 2, 1900.

Chattel Mortgage: FRAUDULENT ON ITS FACE: GARNISHMENT: CASES DISTINGUISHED.   This case and the case of the Calumet Paper Company v. Haskell Show Ptg. Co., 144 Mo. 331, distinguished, and shown to be dissimilar in principle.   Held, that in the case at bar appellant sought to hinder and delay creditors by a fraudulent chattel mortgage; that in the Calumet case, two of five directors undertook to assign all the company's property for the benefit of all its creditors; one was tainted by fraud, the other non-effective for want of power.   The property in the first instance was declared a trust fund for all creditors, in the second, a subject of garnishment by the diligent creditor, as the mortgage had been made in fraud of his rights.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

MOTION FOR REHEARING OVERRULED.

BLAND, P. J.—Appellant's counsel on motion for rehearing has called our attention to the case of the Calumet

*Motion for rehearing reached reporter after opinion was in type—See, Vol. 81, p. 646.

Paper Company v. Haskell Show Ptg. Company, 144 Mo. 331. His contention is that our opinion is opposed to the decision of the supreme court in the Calumet Paper Company case. The cases are not similar, and there is no conflict. In the Calumet case two of the five directors of the insolvent defendant corporation made a general assignment of its assets to a trustee for the benefit of all of its creditors. The trustee took possession of the assets under the deed of assignment. The Calumet Paper Company sued the insolvent corporation by attachment and garnished the trustee, but did not attach any of the property of the defendant in the hands of the trustee. The corporation was hopelessly insolvent and was no longer a going concern. The supreme court held that the deed of assignment was void, for the reason that two out of five members of the board of directors had no power to make the assignment, and that the assignee held possession of the assets of the corporation as bailee. The judgment was for the garnishee in the lower court. The supreme court reversed the judgment and remanded the cause, holding that the assets in the hands of the garnishee constituted a trust fund, and that as the court had acquired jurisdiction of the garnishee (bailee), by the service of process of garnishment, it should treat the assets in his hands as a trust fund and permit the creditors of the corporation to interplead, if they so desired, and make a *pro rata* distribution between them, through the bailee. The authority to proceed to make an equitable distribution of the assets of the insolvent corporation in that case is not grounded upon the theory that the assets were held in fraud of creditors, but on the theory that they were a trust fund in the hands of a bailee, over whom the court had acquired jurisdiction. No such state of facts are shown in the case in hand. Here the conveyance was a deed of trust, valid between the grantor and trustee (garnishee), and effectual to pass the legal title in the property to the trustee, but on its face

fraudulent as to the creditors of the grantor, for the reason that its legal effect was to hinder and delay them in the collection of their demands.    The case is on all fours with the case of Rubber Mfg. Co. v. Supply Company, 149 Mo. 538, in which it was held that a chattel deed of trust made to secure debts, with a collateral agreement executed at the same time providing that the trustee should continue the ordinary and usual business of the grantor for the benefit of the secured creditors and the corporation, was fraudulent as to the other creditors of the grantor, however honest the intent and purpose of the parties might have been.    A conveyance made with the intent to hinder or delay creditors, or one which on its face has that effect, is fraudulent as to such creditors, and furnishes a good ground for attachment. Corporations are not exempt from this salutary rule of law. The motion for rehearing is overruled.    All concur.