THE STATE ex rel. CHARLES RABISTE v. ALLEN C. SOUTHERN, Judge of Circuit Court.

In Banc, August 14, 1923.

1. **PROHIBITION: Demurrer: Admissions.** In prohibition a demurrer to the petition admits the facts well pleaded therein, but does not admit allegations which are the pleader's conclusions.

2. **ATTACHMENT: Affidavit: Amendment.** Under the statute (Sec. 1772, R. S. 1919) providing for amendment of the affidavit for attachment in courts of record, where the original affidavit was not made by the plaintiff and did not state that affiant made same for plaintiff, an amended affidavit containing such allegation may be filed, and will be sufficient.

3. ————: **Property in Safe-Deposit Box.** Property belonging to defendant, against which a writ of attachment has been issued and which is deposited in a safe-deposit box under the care of a bank and to which box access can only be had by the joint use of a key in defendant's possession and a master key in the hands of the bank, or by force, is property in the hands of the bank subject to garnishment.

4. ————: ————: **Jurisdiction of Res.** A bank may be summoned as garnishee and compelled to answer as to property of defendant in the bank's safe-deposit box leased to defendant, and such property is *res* to which the jurisdiction of the court may attach and upon which jurisdiction may rest, although it is not specifically described and cannot be. The very purpose of such writ is to bring such property or the contents of the box into court.

5. ————: ————: **Jurisdiction of Defendant and Garnishee: Order for Delivery of Property Before Return Term.** Property of defendant may be attached and brought before the court and subjected to its judgment without service of summons upon defendant. And so where the sheriff had executed the writ by garnishing a bank by declaring to it that he attached all of defendant's

300 Mo.—27

property in its possession and by summoning it to appear in court on a named date of the next term and there answer such interrogatories as might be exhibited by plaintiff, and thereafter, before said return date, plaintiff filed its application for an order upon the bank to compel it to deliver the contents of a safe-deposit box to which defendant held one key and the bank the master key, and delivered copies of the application to the defendant and the bank, and when said application came on for hearing before the judge the defendant and said garnishee entered their special appearance for the sole purpose of challenging the court's jurisdiction to entertain the application and to make the order applied for, the court was not without jurisdiction to make the order simply because it was heard before the return date, although the defendant was not then in court generally and the garnishee was not required to answer the summons of garnishment before the next term. Sections 1183 and 1184, Revised Statutes 1919, have no application to such a case.

6. ———: Return. In this case the sheriff's return was a return to the writ of attachment, and not a return to the summons of garnishment, as is shown by its language and title. ·

7. ———: Order on Garnishee to Deliver Property Before Return Term. Section 1853, Revised Statutes 1919, declaring that "if it appear that a garnishee, at or after his garnishment, was possessed of any property of the defendant, . . . the court, or judge in vacation, may order the delivery of such property . . . to the sheriff or into court; or may permit the garnishee to retain the same, upon his executing a bond to the plaintiff, . . . to the effect that the property shall be forthcoming," authorizes the court to make an order on a garnishee properly served to deliver property in his possession to the sheriff or into court, or give bond, in advance of the return term at which the garnishee is required by the summons to appear and answer interrogatories, although the property may be contained in a locked safe-deposit box to which defendant as lessee has a key and the garnishee the master key. This statute by the words "if it appear" implies a notice to the garnishee and a hearing of an application for the order, but it authorizes the court to require the garnishee to turn over the property to the sheriff, or give security for its delivery in due course, in advance of a determination that the property belongs to defendant and is subject to attachment.

8. ———: ———: Lien on Attached Property. No lien exists in favor of a plaintiff upon property of an attachment or execution defendant in the hands of a garnishee until such property comes into the hands of the sheriff; and until it comes into his hands.

State ex rel. Rabiste v. Southern.

the plaintiff in attachment must look to the personal responsibility of the summoned garnishee, unless he proceeds under the statute (Sec. 1853, R. S. 1919) to have such property delivered to the sheriff, or into court, or to have a bond for its delivery exacted of the garnishee.

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*Clarence Wofford* and *Bert S. Kimbrell* for relator.

(1) The respondent, in making and causing to be entered, on October 31, 1922, the order directing the New England Safe Deposit Vaults Company to deliver the contents of the safe-deposit box, rented to Charles Rabiste, to the Sheriff of Jackson County, within ten days from the date of said order, to be held and attached by said sheriff under the writ of attachment, acted wholly without jurisdiction. (a) There was no *res* shown to which the jurisdiction of the court might attach and upon which jurisdiction might rest. Riley Oil Co. v. Symmonds, 195 Mo. App. 118; Typewriter Co. v. Cash Register Co., 156 Mo. App. 107; Mercantile Co. v. Bettles, 58 Mo. App. 387; Barnhardt Bros. v. Dollarhide, 186 S. W. 565; State ex rel. v. Blair, 238 Mo. 132. (b) The court did not have jurisdiction of the *res* or the contents of the safe-deposit box. Secs. 1742, 1747, 1749, 1851, R. S. 1919; Latimer v. Union Pacific Ry., 43 Mo. 109; 1 Shinn on Attachment & Garnishment, p. 446; Robertson v. Hoge, 83 Va. 126; Jones v. Bibb Brick Co., 120 Ga. 321; Rock v. Singmaster, 62 Iowa, 511; Siling v. Hendrickson, 193 Mo. 386; Todd v. Mo. Pac. Ry. Co., 33 Mo. App. 112; Hackett v. Gihl, 63 Mo. App. 453; Grocer Co. v. Carlson, 67 Mo. App. 184; Kansas & Texas Coal Co. v. Adams, 99 Mo. App. 481; Marx v. Hart, 166 Mo. 503. (c) The court did not have jurisdiction of the person of Charles Rabiste, named as defendant in the suit filed in the Circuit Court. Secs. 1183, 1184, 1746, 1747, R. S. 1919; Davison v. Hough, 165 Mo. 573. (d) The court did not have jurisdiction of the person of the garnishee,

the New England Safe Deposit Vaults Company. Secs. 1747, 1847, 1851, 1858, 1859, 1862, 1863, 1864, 1865, R. S. 1919; Davison v. Hough, 165 Mo. 573. (e) The recitals in the order of facts found, upon which the order was predicated, affirmatively show the lack of jurisdiction to make and cause to be entered the order. Sec. 1747, R. S. 1919; Fletcher v. Wear, 81 Mo. 529; Howell v. Sherwood, 213 Mo. l. c. 575; Norman v. Ins. Co., 237 Mo. 584; Givens v. Harlow, 251 Mo. 241. (2) The respondent in making and causing the order to be entered, acted wholly without jurisdiction, for the reason that the paper purporting to be an affidavit in attachment filed at the time of the filing of the suit, was void, and, being void, could not be amended. Sec. 1730, R. S. 1919; Bray v. McClury, 55 Mo. 128; Hargadine v. Van Horn, 72 Mo. 370. (3) The respondent, in making and causing to be entered said order, exceeded or acted in excess of the jurisdiction possessed, for these reasons: (a) Under the facts and circumstances disclosed, there was no statutory authority for such order. Secs. 1846 to 1875, R. S. 1919, relative to Garnishment. (b) Our statutes with reference to attachment and garnishment in attachment are in derogation of the common law, and a strict compliance with such statutes is mandatory and jurisdictional. Howell v. Sherwood, 213 Mo. 575; Norman v. Ins. Co., 237 Mo. 584. (c) The order as made is too broad and sweeping. West Cache Sugar Co. v. Hendrickson, 190 Pac. 946, 11 A. L. R. 216. (4) The respondent, in making and entering the order, having acted without jurisdiction or in excess of the jurisdiction possessed, should be prohibited from enforcing said order and from entertaining further jurisdiction with reference thereto and the preliminary rule in prohibition should be made permanent. State ex inf. v. Colbert, 273 Mo. 209; State ex rel. v. McQuillan, 260 Mo. 173; State ex rel. v. McQuillan, 246 Mo. 532; State ex rel. v. Barnett, 245 Mo. 114.

*E. B. Silvers* for defendant.

(1) The amended affidavit relates back and renders all proceedings in the attachment valid. Sec. 1772, R. S. 1919; Claflin v. Hoover, 20 Mo. App. 315; Kirksville Bank v. Spangler, 59 Mo. App. 172; Burnett v. McCluey, 92 Mo. 230; Avery v. Good, 114 Mo. 290. (2) The safety-deposit company is subject to garnishment. Trowbridge v. Spinney, 62 Pac. (Wash.) 125; National Safe Deposit Co. v. Stead, 232 U. S. 58, 58 L. Ed. 504; Tillinghast v. Johnson, 41 L. R. A. (N. S.) 764. (3) The garnishee was properly served. See record. (4) Personal service on defendant is not essential to jurisdiction over property in a garnishee's hands. See cases cited by relator. (5) The order made by the trial court is properly made at any time after service of the garnishee. R. S. 1919, sec. 1853; McGarry v. Lewis Coal Co., 93 Mo. 237; Bank of State v. Bredow, 31 Mo. 523; Calumet Paper Co. v. Haskell Printing Co., 144 Mo. 331.

DAVID E. BLAIR, J.—This is an original proceeding in prohibition against respondent as judge of Division No. 5 of the Circuit Court of Jackson County. We issued our preliminary rule and therein referred to the petition for the facts. Respondent has filed his demurrer to such petition on the ground that it does not state facts sufficient to constitute a cause of action. Therefore, the facts well pleaded in the petition must be taken as true.

In the petition in this court Charles Rabiste, the relator, is designated as plaintiff, but we will hereafter refer to him as "defendant," as he was designated in the circuit court. New England Safe Deposit Vaults Company will be referred to as "garnishee." Judge Southern, designated as defendant in the petition here, will be referred to as "respondent." Live Stock State Bank will be referred to as "plaintiff."

On October 23, 1922, there was begun, in the division of the Jackson County Circuit Court over which respondent was presiding as judge, a certain cause returnable at the November term, 1922, of said court, wherein Live Stock State Bank was plaintiff and Charles Rabiste and others were defendants, whereby plaintiff therein sought to recover judgment against defendants for $9500. On the same day an affidavit in attachment was filed in said cause, which was based upon the ground that ''the damages for which said action is brought are for injuries from the commission of a felony.'' Attachment bond in the sum of $19,000 was filed by plaintiff and approved. On said day the Clerk of the Circuit Court issued a writ of attachment to the Sheriff of Jackson County. On October 30, 1922, plaintiff filed an amended affidavit for attachment.

The Sheriff of Jackson County made the following return to the writ of attachment:

''Executed the within writ in Jackson County, Missouri, on the 26th day of October, 1922, by levying upon, seizing and attaching as the property of the within named defendant Chas. Rabiste and Ernest Hodges the personal property described as follows, to-wit:

''Two keys to safe deposit box in Mercantile Trust Company's Vaults at 14th and Grand Avenue. Two keys and rental receipt made October 17, 1922, to Chas. Rabiste for safe deposit box in New England Safe Deposit Vaults Co. in New England building at 9th and Wyandotte, which keys and receipt I now hold.

''Further executed this writ in Jackson County, Missouri, on the 26th day of October, 1922, by making a demand on the New England Safe Deposit Vaults Co. for the contents of the safe deposit box rented from them by Chas. Rabiste on October 17, 1922, which demand was refused by the New England Safe Deposit Vaults Co.''

The sheriff made an additional return to the writ of attachment, which is Exhibit F attached to the petition and is as follows:

"Executed the within writ in Jackson County, Missouri, on the 23rd day of October, 1922, by garnisheeing New England Safe Deposit Vaults Company, Produce Exchange Bank and Mercantile Trust Company, by declaring to them that I did attach in their hands all debts due by them to the within named defendant together with all personal property, money, rights, credits, bonds, bills, notes, drafts, checks, or other choses in action of the within named defendant or so much thereof as will be sufficient to satisfy the sum of nine thousand five hundred dollars, with interest and costs of suit; and I did summons them, the said New England Safe Deposit Vaults Company, Produce Exchange Bank and Mercantile Trust Company, to be and appear before the Circuit Court of Jackson County, at Kansas City, Missouri, on the 13th day of November, 1922, then and there to answer such interrogatories as may be exhibited by Live Stock State Bank, a corporation, the within named plaintiff, by delivering to W. H. Richart, manager, he being a managing officer of New England Safe Deposit Vaults Company, at 4:20 p. m. October 23, 1922, Joe G. Hall, Asst. Cashier, Produce Exchange Bank, at 4 p. m. October 23, 1922, Le Clair Lambert, vice-president and treasurer, Mercantile Trust Company, at 4:30 p. m. October 23, 1922, a notice of such garnishment and summons, a copy of which said notice by me so delivered is hereby attached and made a part of this return.

"And further executed this writ in Jackson County, Missouri, on the —— day of ———, 19—, by making diligent search for, but could not find any goods, chattels or real estate of the within named defendant upon which to levy the same and this writ is returned not further satisfied."

Defendant contends that Exhibit F is the return of the sheriff to the summons of garnishment *issued by the clerk* and is not a return to the writ of attachment. This will be considered later.

On October 27, 1922, plaintiff filed with the Clerk of the Circuit Court its application for an order upon

garnishee to deliver the contents of the safe-deposit box to the sheriff, and delivered copies of such application to defendant and to garnishee, with notice of hearing thereof.

On October 30, 1922, said application came on for hearing and disposition before respondent judge and then and there defendant and garnishee entered their special appearances for the sole purpose of objecting to and challenging the jurisdiction of the circuit court to entertain and determine such application and to make the order applied for. Testimony was heard by respondent. A full transcript of such testimony accompanies the petition and is before us as part thereof.

On October 31, 1922, respondent sustained plaintiff's motion and made and entered of record the following order:

"Now on this day comes on the application of the plaintiff in the above cause for an order commanding the New England Safe Deposit Vaults Company, garnishee, to deliver to the Sheriff of Jackson County, Missouri, the contents of a certain safe deposit box, held by said New England Safe Deposit Vaults Company in the name of and as the property of Chas. Rabiste, defendant, herein, to be attached and held by said sheriff under the writ of attachment herein. And it appears to the court that the defendant, Chas. Rabiste and the said New England Safe Deposit Vaults Company have been duly notified of this hearing, according to law and the rules of this court.

"Whereupon, the court hears the evidence introduced by the plaintiff; and having heard the evidence, the court doth find that on the 23rd of October, 1922, the Sheriff of Jackson County, Missouri, under a writ of attachment, issued from this court in this cause, summoned the said New England Safe Deposit Vaults Company as garnishee herein; that on the 26th day of October, 1922, under said writ of attachment, the said sheriff attempted to attach the contents of the box here in

question, and the said New England Safe Deposit Vaults Company refused and still refuses to deliver the same to the sheriff; that at the time of the garnishment of the said New England Vaults Company it had in its possession a certain safe deposit box, rented to the defendant, Charles Rabiste, and containing certain money, the exact amount thereof being unknown to the plaintiff, or to the said garnishee, or to the said sheriff; that said money is the property of the defendant, Charles Rabiste.

"Wherefore it is ordered by the court that the said New England Safe Deposit Vaults Company deliver the contents of said safe deposit box, so rented to and in the name of Chas. Rabiste, to the Sheriff of Jackson County, Missouri, within ten days from this date, to be held and attached by said sheriff under the writ of attachment herein."

Garnishee is a corporation engaged in the business of renting safe deposit boxes. Every box rented or leased is kept locked. Defendant, as lessee of such box, has a key or keys, and garnishee has a master key. Such box can only be opened by the use of both keys or by force. Defendant rented box No. 1832, and by contract garnishee is bound not to permit any one but the defendant or his authorized agent to enter such box. Garnishee has no knowledge of the contents of such box.

It is alleged that the writ of attachment had not been served upon defendant and he had not entered his appearance in the cause pending before respondent and had not waived service of writ of attachment and summons. Neither had garnishee entered its appearance, except specially as above noted. Garnishee had filed no answer in the garnishment proceedings and no interrogatories had been propounded to it by plaintiff and it was not required to answer in said court until November 13, 1922. The petition alleged that defendant was in sole possession of safe deposit box No. 1832 and was sole owner of the property and effects therein, and that garnishee was not in possession of said box and had no

right under the law to enter said box and remove or molest the contents thereof. The allegations which are conclusions of the pleader are not admitted as facts by the demurrer.

On this state of facts relator contends that respondent had no jurisdiction to make the order above set out and no jurisdiction over the persons of defendant or garnishee. Respondent will take further steps to enforce his order unless prohibited by this court.

I. It is contended that the original affidavit for attachment was insufficient and void because not made by plaintiff or someone for it as required by Section 1730, Revised Statutes 1919, and that such affidavit could not thereafter be amended so as to confer jurisdiction upon respondent. The sufficiency of the original affidavit otherwise is not challenged. Such affidavit was not made by the plaintiff and does not state that affiant made the same *for plaintiff*. The amended affidavit filed October 30, 1922, contains such allegation.

Amended Affidavit.

Section 1772 provides for amendment of the affidavit for attachment in courts of record. [Burnett v. McCluey, 92 Mo. 230; Avery v. Good, 114 Mo. 290.] Relator cites Bray v. McClury, 55 Mo. 1. c. 128 and Hargadine v. Van Horn, 72 Mo. 370, upon this point. The Bray Case was distinguished in Burnett v. McCluey, supra. In the Hargadine Case there was no affidavit signed and sworn to by any one and, therefore, nothing to amend. The contention is without merit.

II. One of the important questions in the case is whether property and effects belonging to a defendant, against whose property an attachment has been issued (which property is deposited in a safe-deposit box under the care of a bank and to which box access can only be had by joint use of a key in such defendant's possession and a master key in the hands of such bank or by force), is prop-

Property in Safe-Deposit Box.

erty in the hands of such bank subject to garnishment. Defendant suggests that this question does not arise upon the record here because the court had not acquired jurisdiction of the *res* or of defendant or garnishee. Respondent contends that a safe deposit vault company is liable to garnishment under such circumstances.

We are not cited to any Missouri cases on the point. On principle it should be the law that a bank is subject to garnishment under such circumstances. The facts in this case furnish a splendid illustration of the justice of and necessity for such rule. The petition in the case pending before respondent alleged that Rabiste and other defendants therein named had stolen $9500 from plaintiff and judgment was asked on that account. It would indeed be a deplorable situation and a strange and harsh rule if all a thief has to do, after securing his booty, is to hasten to some bank and lock his ill-gotten gains in a safe-deposit box and then be able to defy recovery of such property by the courts.

Respondent has cited several well reasoned cases on the point from other jurisdictions. [See Trowbridge v. Spinning, 62 Pac. (Wash.) 125; National Safe Deposit Company v. Stead, 250 Ill. 584, 95 N. E. 973; Tillinghast v. Johnson, 82 Atl. (R. I.) 788.] The last cited case quotes from the cases cited by respondent and quotes also from Lockwood v. Manhattan Co., 28 App. Div. 68, 50 N. Y. Supp. 974, and Washington Loan Co. v. Susquehanna Coal Co., 26 App. D. C. 149. In the last named case the Court of Appeals of the District of Columbia said:

"Property of a defendant in a safe-deposit box of a trust company is either in the possession of the defendant, or in the possession of the trust company. If it is in the possession of the defendant, under the Code, it appears liable to attachment and execution. If it is in the possession of the trust company, such company may be garnished therefor, as in possession of personal

property of the defendant capable of being seized and sold on execution. A mere device to guard from intrusion the defendant's property in the vault of the trust company neither devests the defendant of his property, nor releases the company from its charge of defendant's property. There is no magic in two keys, a master key and a customer's key, to put property belonging to a defendant in an attachment beyond the reach of creditors and the process of the courts.

"If there were a doubt respecting the term 'possession,' there can be no doubt that property deposited by a defendant in a safe-deposit box of a trust company is the defendant's property in the hands of, and in charge of, the trust company; and, by the terms of the Code, the trust company is liable to be garnished therefor."

We agree with that learned court. Property deposited in a safe-deposit box in a bank is property in the possession and under the control of such bank, for which such bank is subject to garnishment, under a writ of attachment against the lessee of such safe-deposit box and the owner of such property, within the meaning of Section 1849, Revised Statutes 1919.

III. Relator contends that there was no *res* to which jurisdiction of the court might attach and upon which jurisdiction might rest, and that for such reason the respondent was without jurisdiction to make the order upon garnishee. It would seem that such contention begs the question. We have held that garnishee may be compelled to answer as to property of defendant in its safe-deposit box. There was, therefore, a *res* to which the jurisdiction of the court might attach. Whatever property is deposited in the safe-deposit box admittedly belonged to relator, for he so alleged the fact in his petition. The cases relied upon by defendant are cases where no property of the particular defendant was brought before the court, or if brought before the court, was exempt property, as

Jurisdiction of Res.

in Barnhart v. Dollarhide, 186 S. W. (Mo.) l. c. 565. The respondent, by his order, is seeking to bring property of defendant before the court. Unless such property is brought before the court, no judgment of any sort can be rendered until the defendant is personally served or enters his appearance.

IV. Defendant contends that the Circuit Court of Jackson County had not acquired jurisdiction of him or of garnishee when the order was made and could not acquire jurisdiction until the November term, 1922. The appearance of defendant and of garnishee, at the hearing upon the issuance of the order objected to, was special and solely for the purpose of objecting to the jurisdiction of respondent to make the order upon the garnishee. It may be admitted that defendant was not yet in court generally, and that garnishee was not required to answer the summons of garnishment before the November term, 1922, of said court.

*Jurisdiction of Defendant and Garnishee Before Return Term.*

It needs no citation of authority to show that property of defendant could be attached and thus be brought before the court and subjected to its judgment without service of summons upon him at all. If defendant had been a non-resident, for example, his property could be attached and, if he could not be served with a summons, he could be brought into court by publication to the extent that a judgment could be rendered against him to be satisfied out of his property seized under the attachment. Sections 1183 and 1184 cited by relator have no application in such case; nor does the case of Davison v. Hough, 165 Mo. 561, l. c. 575.

V. Relator contends that the return made by the sheriff to the writ of attachment does not show that the New England Safe Deposit Vaults Company was summoned as garnishee, and that the only return of that character was made to the summons of garnishee alleged to have been issued by the circuit clerk.

*Return.*

It is not contended that the return actually made, if it is in fact a return to the writ of attachment, is not sufficient. Although defendant in his petition here alleges the summons to garnishee was issued by the circuit clerk, that such is not the fact appears clearly from Exhibit E attached to the petition. Such instrument was entitled "Summons of Garnishee" and was issued by the sheriff and not by the clerk. It is evident from the sheriff's return, marked Exhibit F, attached to the petition, that the sheriff was therein making return to the writ of attachment and simply attached a copy of the summons to garnishee to his return to the attachment writ. The language of the return could apply to no other writ. Respondent found that garnishee was summoned as such garnishee under the writ of attachment. There is, therefore, no merit in the contention that the return does not show that garnishee was properly summoned as such garnishee to answer at the November term, 1922.

VI. The main question in the case, as it appears to us, is whether the court had the right to make the order upon garnishee, which is heretofore set out, in advance of the November term, 1922.

**Order in Advance of Return Term.**

Section 1853 provides that "If it appear that a garnishee, at or after his garnishment, was possessed of any property of the defendant, or was indebted to him, the court, or judge in vacation, may order the delivery of such property, or the payment of the amount owing by the garnishee, to the sheriff or into court, at such time as the court may direct; or may permit the garnishee to retain the same, upon his executing a bond to the plaintiff, with security, approved by the court, to the effect that the property shall be forthcoming, or the amount paid, as the court may direct. Upon a breach of the obligation of such bond, the plaintiff may proceed against the obligors therein, in the manner prescribed in the case of a delivery bond given to the sheriff."

It is apparent that said section authorizes the court to require a garnishee to deliver to the sheriff property in its possession before, or such court may permit such garnishee to give bond for the retention of such property until garnishee is required to answer and has been heard at the return term. The provision for retention of such property upon the giving of bond by a garnishee must necessarily mean that, after plaintiff has made application for delivery of such property to the sheriff and it appears to the court that garnishee has property of defendant in its possession or under its control, the property must be delivered to the sheriff in advance of the determination of the garnishment upon its merits, unless garnishee is permitted to give such bond. Said section is meaningless and of no value whatever, unless it does mean that. The section requires notice and a hearing, because it provides, "If it appear," etc. It was undoubtedly enacted to enable the plaintiff, if he is not satisfied with the responsibility of garnishee, to require garnishee to turn over the property to the sheriff (or to give security for its delivery in due course if the court so orders) in advance of the determination that such property belongs to the defendant and is subject to attachment. No lien exists in favor of a plaintiff upon property of an attachment or execution defendant in the hands of the garnishee until such property comes into the hands of the sheriff. Until that time, such plaintiff must look to the personal responsibility of garnishee, unless he proceeds under Section 1853 to have such property delivered to the sheriff or to have security for its delivery exacted from garnishee as provided in said section. [McGarry v. Lewis Coal Co., 93 Mo. 237; Calumet Paper Co. v. Haskell Show Printing Co., 144 Mo. 331, l. c. 341.]

Respondent made the order for garnishee to deliver the contents of the safe-deposit box to the sheriff after a hearing, upon due notice, wherein he found that garnishee had in its possession a certain safe-deposit box

rented to defendant, which contained property belonging to defendant. We hold that in so doing respondent was proceeding within his appropriate jurisdiction.

In view of the foregoing, it is our conclusion that our absolute rule should be denied and our preliminary rule heretofore issued should be discharged. It is so ordered. *Graves, James T. Blair* and *Walker, JJ.*, concur; *Woodson, C. J.*, dissents; *White* and *Ragland, JJ.*, absent.