In re MARSTERS (two cases).

**HERMAN v. HENLEY (two cases).**
**Nos. 6618, 6619.**

Circuit Court of Appeals, Seventh Circuit.
Dec. 17, 1938.

Rehearing Denied Jan. 25, 1939.

A. J. Granoff, of Kansas City, Mo., for appellants.

Frank P. Barker, of Kansas City, Mo., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

These causes were consolidated for appeal from an order of the District Court for the Southern District of Indiana entered in each of two bankruptcy proceedings. The order adjudicated the interests of the bankrupts in a Missouri judgment held as of record by both bankrupts; and the order further enjoined creditors of each bankrupt from further prosecuting a garnishment action then pending in the District Court for the Western Division of the Western District of Missouri. The suit which was enjoined was for the purpose of garnishing the aforesaid judgment.

The bankrupts, Mary E. Marsters and Vernon F. Marsters, were husband and wife at the time of all the transactions herein material, and each of them was adjudicated a bankrupt on December 5, 1935, upon separate voluntary petitions filed on that date in the District Court for the Southern District of Indiana.

Prior to 1929 Mrs. Marsters had operated a dining room as her own separate business venture; and sometime prior to July, 1929, she began negotiations with one Jerome T. Bray for the purchase of a hotel business, including furniture and equipment and a leasehold interest in the building in which the business was operated. The lessor of the hotel building was one S. Herman. The purchase price agreed upon was $18,000 of which amount Mrs. Marsters paid $9,000 in cash, $8,000 of which was

loaned to Mrs. Marsters by her brother and the remaining $1,000 was from her own funds. The balance of $9,000 was taken care of by a note secured by a chattel mortgage on the furniture and equipment. The note and the chattel mortgage were executed by Mrs. Marsters and her husband, and the instrument of conveyance of the business and property named both as vendees. Mrs. Marsters carried on the hotel business, her husband taking no part in its operation and management.

In November, 1929, Mrs. Marsters discovered that Bray, her vendor, had committed fraud in the aforesaid transaction, and she thereupon surrendered the property and instituted suit against Bray in Missouri in the name of herself and husband. On April 7, 1931, judgment was rendered against Bray in the sum of $10,500.

In 1934 Mr. and Mrs. Marsters became residents of Indiana and, as above stated, on December 5, 1935, filed their separate and voluntary petitions to be adjudicated bankrupts.

During the pendency of the Missouri suit S. Herman, the lessor of the hotel building, purchased from Mr. and Mrs. Marsters the note signed by Mr. and Mrs. Marsters; and on August 7, 1935, Herman filed suit in a Missouri state court on the Marsters' note. A writ of attachment was issued in Herman's action but was returned showing the defendants not found. A notice of garnishment was issued and served on Bray, as judgment debtor of the Marsters, on August 8, 1935. This action was removed to the United States District Court for the Western Division of the Western District of Missouri where it was pending on December 5, 1935, the date upon which the Marsters were adjudicated bankrupts in the District Court of Indiana. This last stated date was less than four months after commencement of the garnishment suit in Missouri and service of the notice of garnishment on Bray.

Each bankrupt scheduled S. Herman as a creditor whose claim was disputed, and each listed as an asset an interest in the judgment against Bray. Howard E. Henley, who was elected trustee in each bankruptcy proceeding, made application in each cause for an order restraining the further prosecution of the garnishment suit in Missouri, on the ground that the Bray judgment was an asset of the estate of one or both bankrupts and that the bankruptcy court had jurisdiction to adjudicate adverse interests in such asset.

The referee granted the relief sought by the trustee holding that Mrs. Marsters was the beneficial owner of the Bray judgment and that Mr. Marsters had no beneficial interest therein; and that the bankruptcy court had jurisdiction in summary proceedings to determine adverse interests in the judgment. This appeal was prosecuted by the representative of S. Herman from the order of the District Court confirming the referee's decision and order.

Appellant's cause on appeal may be summarized as follows: (1) The District Court had no jurisdiction to proceed summarily because the garnishment action had removed constructive possession of the Bray judgment from the bankrupts and therefore the trustee could only proceed plenarily. (2) Granting that there was jurisdiction to adjudicate by summary proceedings, the court erred in deciding that Mrs. Marsters was the equitable owner of the entire judgment, whereas the finding should have been that the Marsters held the judgment by entirety or as partners with the consequence that the judgment then jointly held would not pass into the bankruptcy estate of the individual bankrupts. It is appellant's contention that by the garnishment in Missouri the Missouri court drew to itself the possession of the garnished debt, with the result that the bankrupt's loss of possession destroyed any basis of summary jurisdiction of the judgment debt by the District Court of Indiana.

It is not questioned that the bankruptcy court had jurisdiction to proceed summarily to adjudicate any adverse claims to property within the possession, actual or constructive, of the bankrupts; and both parties accept the proposition that intangibles are included within such jurisdictional power of the court on the theory that there can be a "constructive" possession of an intangible. But appellant contends that the notice of garnishment in the unconcluded garnishment suit was a disturbance of the bankrupt's constructive possession and that the "Missouri Court drew to itself the possession of the garnished debt." This raises the question of what is the subject of "constructive" possession in the case of an intangible and also, what is the effect on the "constructive" possession of the owner of a judgment debt when a notice of garnishment is served upon the judgment debtor.

The term "constructive," as applied to the possession of an intangible, is not used to distinguish such possession from some

other kind of possession of an intangible. In the case of a tangible there can be a possession in fact as well as in legal theory; but in the case of an intangible, possession is a legal concept and is manifested only through recognition of legal consequences. It may be said that ownership of intangibles is the subject of possession, or that ownership draws to itself a constructive possession, but such statements merely afford a rational basis for the practical rule that the legal consequences of possession of a tangible res are attached to the ownership of an intangible res. One of the legal consequences of a bankrupt's possession of a tangible asset is that his trustee succeeds to the possession, and the bankruptcy court thereby acquiring possession, has summary jurisdiction to adjudicate adverse claims respecting the asset. In Seligson v. Whitney et al.[1] the Court of Appeals of the second circuit, in considering the relation of ownership of an intangible to possession for the purpose of summary jurisdiction of the bankruptcy court, commented as follows [page 90]:

"The decisions are numerous that, if the bankrupt remained the legal owner of the chose in action up to the time of the filing of the petition, though it had become subjected to equitable liens or interests or attachments, his control was such that a trustee in bankruptcy who succeeded him was to be regarded as in 'possession' of the chose in action and as in a position summarily to determine his rights as against other claimants."

The law of the state of garnishment proceedings determines the nature of the proprietary interests obtained by a garnishment plaintiff in the garnished debt.[2] And since the ruling both of federal and state courts is that ownership of an intangible carries with it possession, we must look to the Missouri law for the effect of the notice of garnishment on the ownership of the intangible. If the effect is merely to incumber the ownership by a lien without a change of ownership and consequent change of possession, then it would follow that the bankruptcy court had jurisdiction to proceed summarily to adjudicate the validity of the lien.

The decisions of the Supreme Court of Missouri hold that while the service of a written notice of attachment in a garnishment proceeding does not create a "full and clear lien upon specific property" it does give the garnisher "the right to hold the garnishees personally liable for its value."[3] But even when a garnishment proceeding has gone to judgment and an order has been entered requiring the garnishee to deliver property to the sheriff the effect is only to make the garnishee personally liable "to the extent, at least, of the plaintiff's debt or claim" in case the garnishee improperly disposes of the property.[4] The garnishment statute of Missouri provides a method for seizure of tangibles, or "credits" in the hands of a garnishee. And until such method is used the "plaintiff must look to the personal responsibility of the garnishee."[5]

In view of the Missouri Supreme Court decisions which hold that a garnishment proceeding does no more, of itself, than to give plaintiff such a lien, or claim, against the garnishee as will enable him to hold the garnishee personally liable to account for the property in the event of judgment against him, the instant case falls within the doctrine of the decision of this circuit in Spensley v. Theodore Ebert & Co., supra. In that case a garnishment action had been commenced within four months of the filing of a bankruptcy petition and was concluded by judgment a few

[1] 79 F.2d 88.

[2] Spensley v. Theodore Ebert & Co., 7 Cir., 77 F.2d 169.

[3] Marx v. Hart, 166 Mo. 503, 66 S.W. 260, 266, 89 Am.St.Rep. 715.

[4] McGarry v. Lewis Coal Co., 93 Mo. 237, 6 S.W. 81, 3 Am.St.Rep. 522.

In Calumet Paper Co. v. Haskell Show Printing Co., 144 Mo. 331, 45 S.W. 1115, 66 Am.St.Rep. 425, the Missouri Supreme Court quoted with approval the following [page 1117]:

"By the service of garnishee process, there can be no pretense that the property is in any sense transferred to the officer, or that he thereby acquires any right to control it. The garnishee still has the right to retain it, and by the service only becomes liable to account for it, or its proceeds, if judgment shall be rendered against him on the trial. The statute does not prohibit him from disposing of it, but only renders him liable on failing to produce it to satisfy the judgment." Biglow v. Andress, 31 Ill. 322.

[5] State ex rel. Rabiste v. Southern, Judge, 300 Mo. 417, 254 S.W. 166.

days before the filing.[6] The garnishment defendant thereupon filed its petition under Sections 77A and 77B of the Bankruptcy Act, 11 U.S.C.A. §§ 206, 207, and the question before this Court was whether the District Court in a summary proceeding could enjoin enforcement of the garnishment judgment. This Court held that it could. In the opinion it was pointed out that there were differences in the various states respecting the time when liens were created by garnishment proceedings, but that in all states a so-called lien is created at some stage of the garnishment proceedings. This Court, however, held that the date of the creation of the lien was unimportant because the garnishment suit was filed and concluded within four months of the date of the filing of the petition in bankruptcy. The following statements in the opinion are pertinent to the present question [page 170]:

"It follows that a lien was created by the garnishment * * * which it was the duty of the District Court to set aside in view of the time which had elapsed between the date of the lien and the date of the filing of the petition."

The case involved an Illinois garnishment proceeding which is substantially the same as that of Missouri.

The foregoing holding in Spensley v. Theodore Ebert & Co., supra, presupposes that the garnishment proceeding did not deprive the original owner of possession of the garnished property and is in harmony with the statement in Seligson v. Whitney, supra, that a trustee in bankruptcy acquired possession of a chose in action of which his bankrupt had remained the legal owner up to the time of the filing of the petition, even though the chose in action had become subjected to equitable liens, or attachments.

The decision of the Supreme Court of the United States in Taubel-Scott-Kitzmiller Company, Inc. v. Fox et al.[7] is not authority against the exercise of summary jurisdiction in the instant case. In the Taubel Case the sheriff had taken exclusive possession and control of the property before the filing of the petition in bankruptcy, and he had retained such possession and control after adjudication and the appointment of the trustee. The sheriff had seized the property by virtue of a judg-

ment of the state court and was holding it for a judgment creditor who had a substantial adverse claim. Consequently, the bankruptcy court did not have either actual or constructive possession of the res. But in the instant case under the law of the State of Missouri the notice of garnishment did not have the effect of transferring ownership, or possession, of the Bray judgment to any officer of the Missouri Court, the only effect of the garnishment proceeding being to impose a personal liability on the garnishee in case he should pay the judgment debt to the bankrupt in violation of the notice served upon him. Consequently, the bankruptcy court has jurisdiction to adjudicate in a summary proceeding the validity of substantial adverse claims to the res. It is clear from the discussion in the Taubel Case that the bankruptcy court has jurisdiction to adjudicate substantial adverse claims respecting the res if the bankruptcy court has possession thereof. The cases recognize that if the bankrupt is in possession, the substantiality of an adverse claim does not affect the summary jurisdiction of the bankruptcy court. The substantiality of the adverse claim becomes material only when possession is not in the bankrupt.

The referee correctly concluded that the Bray judgment was subject to summary proceedings and that the law was with the trustee in bankruptcy and against the respondent; and the District Court did not err in entering its order approving and confirming the finding and judgment entered by the referee in bankruptcy relating to the foregoing question.

The appellant's second point, that the court erred in deciding that Mrs. Marsters was the actual owner of the entire judgment, raises a question of fact which, in view of the evidence, becomes a question of weight and credibility. There was substantial evidence to justify an inference in fact that Mr. Marsters had no financial interest in any of the transactions which were involved in the suit in which the Missouri judgment was recovered against Bray. While no doubt his obligation on the note, as between himself and the payee or holder, was that of a maker, it does not follow that, as between himself and Mrs. Marsters, he had any interest whatever in

---

[6] In the instant case the garnishment action was begun within four months of the bankruptcy petition but was not concluded before that time. Notice was served upon the garnishee August 8, 1935.

[7] 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770.

the business or the property, a part of the purchase price of which was represented by the note. There was ample evidence to establish that Mr. Marsters did not contribute any part of the cash payment of $9,000.

There is substantial evidence to support the inference that Mr. Marsters was a party in form only, as between himself and Mrs. Marsters, in the ownership and operation of the hotel, and that he had no beneficial interest in any damages resulting from the fraud of Bray; and, consequently, that he was not in fact the owner of any interest in the proceeds of the judgment.

Since we conclude that the evidence was sufficient to justify the referee's finding that as between the two bankrupts one was the equitable owner of the Bray judgment, it is not necessary to consider any contentions based upon the assumption that the bankrupts owned the judgment jointly or by the entirety.

We hold that the District Court did not err in entering its order of February 14, 1938, which overruled the petition for review of the referee's order and confirmed the finding and judgment of the referee.

The order of the District Court is affirmed.