UNITED STATES v. 52.11 ACRES OF LAND IN ST. CHARLES COUNTY, MO., et al. (GLOBE INDEMNITY CO., et al., Interveners).

SAME v. CERTAIN LAND IN ST. CHARLES COUNTY, MO., et al. (GLOBE INDEMNITY CO., et al., Interveners). (Three cases).

Nos. 767, 805, 807, 874.

District Court, E. D. Missouri, E. D.

July 3, 1947.

Lathrop, Crane, Sawyer, Woodson & Righter and Winston H. Woodson, all of Kansas City, Mo., for intervenor Globe Indemnity Co.

Harry C. Blanton, U. S. Dist. Atty., of Sikeston, Mo., for plaintiff.

MOORE, District Judge.

### Findings of Fact.

The Court finds the facts in each of the above-entitled cases as follows:

1. That in each of these cases the following respective sums of money are in the registry of this court:

Case No. 767—$1,600.

Case No. 805—$1,582.56

Case No. 807—$ 225.

Case No. 874—$ 600.

The sum total is $4,007.56 and constitutes 5% of the amount of money which the plaintiff (condemnor) paid into the registry of this court for the account of the defendant landowners in satisfaction of their respective judgments for the taking of their land. As shown by the prior orders of this court, this 5% represents the indebtedness of the defendant landowners to R. Newton McDowell under the provisions of their respective contracts with the plaintiff, which contracts have been given effect as stipulations for agreed condemnation verdicts herein, and on that account has been withheld in the registry of this court for distribution to R. Newton McDowell's creditors, who, with the Court's permission, have filed their intervening petitions, subject, however, to their rights of priority.

2. That all of the intervening claims have been disposed of except those of Globe Indemnity Company and the United States of America for and in its behalf and for the Collector of Internal Revenue for the 6th Collection District of Missouri.

3. That on March 24, 1941, Globe Indemnity Company, intervenor herein, obtained in the Circuit Court of Jackson County, Missouri, at Kansas City, a judgment in the amount of $4,406.62 and court costs against defendant R. Newton McDowell, on his personal promissory note, which judgment was affirmed by the Kansas City Court of Appeals on February 16, 1942 (see Globe Indemnity Company v. McDowell, Mo.App., 159 S.W.2d 822); that said principal sum of $4,406.62, as provided by Section 3228, Mo.R.S.1939, Mo. R.S.A., bears interest at the rate of 6% from March 24, 1941, and the court costs amount to $68.70; that no part of said judgment, interest or costs has been paid or satisfied, and Globe Indemnity Company has continuously been and is now the owner of said judgment. Therefore, the total amount of Globe Indemnity Company's claim as of July 1, 1947, is $6,132.89 and consists of the original judgment in the amount of $4,406.62 plus 6% interest thereon to July 1, 1947, in the amount of $1,657.57, and plus $68.70 court costs.

4. Globe Indemnity Company, in order to collect its judgment, had the Clerk of the Circuit Court of Jackson County, Missouri, at Kansas City, to issue a general execution on September 22, 1942, in its case against R. Newton McDowell and had issued and caused to be served on the landowners who are defendants in the above condemnation cases summonses of garnishment returnable to the November, 1942, term of the Circuit Court of Jackson County, Missouri, at Kansas City. The landowners who are defendants in cases Nos. 805 and 807 were served with said summonses of garnishment on September 24, 1942, and the landowners who are defendants in cases Nos. 767 and 874 were served with said summonses of garnishment on

September 25, 1942. Globe Indemnity Company on November 10, 1942, at the November, 1942, term of said court, duly and timely filed its separate written interrogatories directed to each of said landowner garnishees; and the landowners who are defendants in case No. 807 duly and timely filed their answers to said interrogatories on November 17, 1942; and the landowners who are defendants in cases Nos. 767 and 874 duly and timely filed their answers to said interrogatories on December 7, 1942; and the landowners who are defendants in case No. 805 duly and timely filed their answers to said interrogatories on December 27, 1942. Other pleadings were filed in said case at Kansas City which are not material to the decision herein.

5. Thereafter on March 21, 1945, Globe Indemnity Company had general execution issued and caused like summonses of garnishment, returnable to the May, 1945, term of the Circuit Court of Jackson County, Missouri, at Kansas City, to be served on the same landowners. The landowners who are defendants in cases Nos. 805 and 807 were served with said summonses of garnishment on March 27, 1945; and the landowners who are defendants in case No. 874 were served with said summonses on March 31, 1945; and the landowners who are defendants in case No. 767 were served with said summonses on April 2, 1945. Globe Indemnity Company, on May 14, 1945, at the May, 1945 term of said court, duly and timely filed its separate written interrogatories directed to each of said landowner garnishees; and the landowners who are defendants in case No. 767 duly and timely filed their answers to said interrogatories on May 21, 1945; and the landowners who are defendants in case No. 807 duly and timely filed their answers to said interrogatories on May 29, 1945; and the landowners who are defendants in cases Nos. 805 and 874 duly and timely filed their answers to said interrogatories on May 31, 1945. Other pleadings were filed in said case at Kansas City which are not material to the decision herein.

6. Thereafter, on June 19, 1945, Globe Indemnity Company had general execution issued and caused like summonses of garnishment, returnable to the November, 1945,

term of the Circuit Court of Jackson County, Missouri, at Kansas City to be served on the same landowners. The landowners who are defendants in case No. 874 were served with said summonses of garnishment on July 5, 1945; and the landowners who are defendants in case No. 767 were served with said summonses of garnishment on July 6, 1945; and the landowners who are defendants in case No. 807 were served with said summonses of garnishment on July 7, 1945; and the landowners who are defendants in case No. 805 were served with said summonses of garnishment on July 10, 1945. Globe Indemnity Company, on November 13, 1945, at the November, 1945 term of said court, duly and timely filed its separate written interrogatories directed to each of said landowner garnishees; and the landowners who are defendants in cases Nos. 767, 805 and 874 duly and timely filed their answers to said interrogatories on November 19, 1945; and the landowners who are defendants in case No. 807 duly and timely filed their answers to said interrogatories on December 6, 1945. Other pleadings were filed in said case at Kansas City which are not material to the decision herein.

7. None of the garnishment proceedings, had been tried or otherwise disposed of but all remain at issue pending in the Circuit Court of Jackson County, Missouri, at Kansas City, in said case of Globe Indemnity Company v. R. Newton McDowell, No. 345,364.

8. The Collector of Internal Revenue of the United States has heretofore made assessment of federal taxes against said R. Newton McDowell in the total sum of $54,-473.71, including interest and penalties as of August 8, 1945. The nature of the taxes. assessed, the taxable years, dates the assessment lists were received by the Collector, and the amounts of the assessments respectively, are as shown and stated in the amended claim of the United States for and in its behalf and for the Collector of Internal Revenue for the 6th Collection District of Missouri.

9. The said Collector of Internal Revenue for the 6th Collection District of Missouri, caused notices of lien for said taxes. to be duly filed on July 7, 1945, with the.

Recorder of Deeds of Jackson County, Missouri, and on July 16, 1945, with the Recorder of Deeds of the City of St. Louis, and Counties of St. Charles, Lincoln, Warren and Franklin, Missouri, and between June 1, 1945 and July 20, 1945, caused warrants of distraint, notice of liens and notices of levy for said taxes to be served upon the landowners named as defendants in the condemnation proceedings herein.

### Conclusions of Law.

1. The sum of $4,007.56 which is being held in the registry of the court in these cases constitutes 5% of the amount of money which plaintiff condemnor paid into the registry of this court for the account of the defendant landowners in satisfaction of their respective judgments for the taking of their land. This 5% represents the indebtedness of the defendant landowners to R. Newton McDowell under the provisions of their respective contracts with the plaintiff. By the terms of R. Newton McDowell's contract with the plaintiff and by the terms of the defendant landowners' contracts with the plaintiff, R. Newton McDowell had not and could not have any claim against the plaintiff United States for such commissions or compensation.

2. The United States of America and the Collector of Internal Revenue are not entitled to any set-off of its tax claims against R. Newton McDowell inasmuch as no obligation of the Government to McDowell exists against which any set-off may be made.

3. Globe Indemnity Company obtained, by virtue of the garnishment proceedings in 1942 and 1945, valid and subsisting liens against the indebtedness of the respective defendant landowners herein to R. Newton McDowell, which indebtedness is now represented by the funds in the registry of this court in these cases.

4. Said liens of Globe Indemnity Company are prior in time and senior and paramount to the tax liens asserted by the Collector of Internal Revenue, of which notices were duly filed on July 7, 1945, with the Recorder of Deeds of Jackson County, Missouri, and on July 16, 1945, with the Recorder of Deeds of the City of St. Louis and of the Counties of St. Charles, Lincoln, Warren and Franklin, Missouri.

5. By reason of the foregoing, Globe Indemnity Company is entitled to have the funds in the registry of the court in each of these cases paid and distributed to it and disbursed by the Clerk of this court; such disbursements to be made from the funds on deposit in the respective cases above numbered; and it is accordingly ordered that the Clerk of this court pay said sums to Globe Indemnity Company.

6. It is not necessary in these cases to pass upon the validity of the Collector of Internal Revenue's claim by reason of the fact that there are not sufficient funds in the registry of the court to satisfy the claim of Globe Indemnity Company; and, even assuming that the Collector of Internal Revenue's claim is valid, no recovery could be had herein in view of the finding of the court that the claim of Globe Indemnity Company is prior and paramount to that of the Collector of Internal Revenue.