**UNITED STATES of America,
Plaintiff,**

**v.**

**PLEZ LEWIS & SON, INC., a corporation, Donald P. Gallop, Trustee for Plez Lewis & Son, Inc., Lashly & Neun, a partnership, Adair Motel Corporation, a corporation, Northeast Missouri Motel Corporation, a corporation, and Division of Employment Security, State of Missouri, Defendants.**

**No. 66 C 112(3).**

United States District Court
E. D. Missouri, E. D.

June 27, 1967.

Harold F. Fullwood, U. S. Atty. Office, for the United States.

Harry S. Gleick, St. Louis, Mo., for Plez Lewis & Son, Inc., and Donald P. Gallop, Trustee for Plez Lewis.

Lashly & Neun, St. Louis, Mo., Arthur A. Lewis, Pres., for Adair Motel.

Kent Kehr, St. Louis, Mo., Frank Robison, Jefferson City, Mo., for Northeast Missouri Motel Corp., Div. of Employment Security, State of Missouri.

REGAN, District Judge.

## MEMORANDUM OPINION

This is an action, tried to the Court, whereby the United States of America seeks to recover the proceeds of a cashier's check in the amount of $31,000 payable to the order of Adair Motel Corporation, as a means of foreclosing its federal tax liens on the indebtedness of Adair to Plez Lewis & Son, Inc., now in bankruptcy. We have jurisdiction under 28 U.S.C. Sections 1340 and 1345 and Sections 7402 and 7403 of the Internal Revenue Code of 1954.

Plez Lewis & Son, Inc. (Plez Lewis) performed work and services for Adair Motel Corporation (Adair) prior to April 14, 1965, as a result of which Adair became indebted to Plez Lewis for sums allegedly in excess of $45,000. On May 11, 1965 an involuntary petition in bankruptcy was filed against Plez Lewis. Adjudication was on September 2, 1965. In the interim, in August, 1965, Adair sold its motel. The cashier's check in question, which is in possession of the law firm of Lashly and Neun, attorneys for Adair, represents a part of the purchase price.

We find from all the evidence (including that adduced after the original submission was set aside) that an assessment of withholding tax was made against Plez Lewis on February 9, 1965 in the amount of $127,576.79, plus a penalty of $1,355.76 and interest of $149.-

78, less a payment of $25,683.55, with a balance due in the sum of $103,398.78. A notice of the assessment was duly personally served on the taxpayer at its office and usual place of business on or about February 9, 1965, this notice stating the amount of the assessment and demanding payment thereof. An oral demand for payment of the assessment was made at the same time. Plez Lewis, the taxpayer, failed and neglected to pay the amount of the assessment so demanded, and by reason thereof it became a lien in favor of the United States on all property and rights to property belonging to Plez Lewis.

On April 14, 1965, a notice of levy was served upon Adair, notifying it of the existence of a tax lien against Plez Lewis provided for by Section 6321 of the Internal Revenue Code of 1954 in the aggregate amount of $239,369.68, including the February 9, 1965 assessment of $103,398.78 (and statutory additions of $1,300.00). This notice of levy specifically notified Adair that "all property, rights to property, moneys, credits, and bank deposits now in your possession and belonging to this taxpayer (or with respect to which you are obligated) and all sums of money or other obligations owing from you to this taxpayer are hereby levied upon and seized for satisfaction of the aforesaid tax, together with all additions provided by law, and demand is hereby made upon you for the amount necessary to satisfy the liability set forth herein, or for such lesser sum as you may be indebted to him, to be applied as a payment on his tax liability."

On May 3, 1965, notices of the aforesaid federal tax lien against Plez Lewis were filed for record in the offices of the recorders of deeds for Franklin County and St. Louis County, Missouri. A similar notice was filed with the recorder in Adair County on May 4, 1965. These notices recited the assessments of taxes against Plez Lewis, including the assessment made on February 9, 1965.

Section 6321 of the Internal Revenue Code of 1954 provides, in substance, that if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount thereof "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

The lien imposed by Section 6321 arises at the time the assessment is made, 26 U.S.C. § 6322, but is not valid as against any mortgagee, pledgee, purchaser or judgment creditor until notice of the lien has been duly filed for record. The Division of Employment Security, State of Missouri, claiming to be a judgment creditor, asserts that it has a lien which came into existence prior to the filing of the notices of the federal tax lien and to the extent thereof claims a right to the proceeds of the cashier's check superior to the federal tax lien.

The Division of Employment Security filed its certificate of assessment against Plez Lewis in the sum of $2,455.40 with the clerks of the circuit courts of Franklin County and St. Louis County, Missouri, on March 16, 1965 and March 27, 1965, respectively. A certificate of additional assessments against Plez Lewis in the amount of $14,616.00 was filed in the same counties by the Division of Employment Security on August 6, 1965.

Under Missouri law, Section 288.170, RSMo, V.A.M.S. the amount of such certificates when filed in the office of the circuit clerk in the county in which the taxpayer "resides, or has his place of business, or any other county in which he has his place of business, or any other county in which he has property, or all of them", has "the force and effect of a judgment of the circuit court." Execution may be issued thereon as in the case of other judgments.

In Missouri, a judgment is a lien upon real property in the county in which the judgment is rendered or in which a transcript thereof has been filed. This lien commences on the day of the rendition of the judgment and continues for a period of three years unless revived. Supreme Court Rules 74.34, 74.35, 74.71 and 74.74, V.A.M.R. However, no lien on personal property is created until an

execution has been issued and *levied.* Supreme Court Rule 76.17.

■ An execution was issued on the St. Louis County judgment on March 27, 1965, returnable May 6, 1965, and garnishment in aid of the execution was instituted April 7, 1965 against the Crestwood Bank. The Sheriff of St. Louis County made a nulla bona return on the execution, and the Crestwood Bank, which was not indebted to and had no property or effects of Plez Lewis, was discharged. The Division of Employment Security contends that, at least as respects the March 16, and March 27, 1965 "judgments" in Franklin and St. Louis Counties ($2,455.40, plus interest), it has a lien on the cashier's check, superior to any lien of the United States, on the theory that execution was issued and levied on said judgment. We do not agree.

The Sheriff of St. Louis County found no property of Plez Lewis upon which to levy, and there was no property in that County upon which an execution lien could then attach. No other execution was thereafter issued or levied, and neither the indebtedness of Adair (a resident of Adair County) nor the cashier's check, constituting a part of said indebtedness to Plez Lewis, which subsequently came into the possession of Adair's attorneys in the City of St. Louis, became subject to any lien of the Division of Employment Security, State of Missouri. Clearly, the issuance of the execution in St. Louis County and the garnishment against the Crestwood Bank did not operate to create a lien against the indebtedness of Adair or the cashier's check.

■■ There being no lien in favor of the Division of Employment Security, there can be no question concerning priority of liens. The prior service of the notice of levy, as well as the filing of the notices of federal tax lien, renders the claim of the United States superior to any right which could thereafter be acquired in the property either by a creditor or a taxpayer or its trustee in bankruptcy. See Rosenblum v. United States, 1 Cir., 300 F.2d 843; United States v. Eiland, 4 Cir., 223 F.2d 118; and Little Audrey's Transportation Co. v. Beverly Bank, D.C.Ill., 236 F.Supp. 352. No party appeared or presented any claim to the check at the hearing of this cause, other than plaintiff and the Division of Employment Security. We find and hold that plaintiff is entitled to the proceeds of the cashier's check in question.

The foregoing memorandum constitutes our findings of fact and conclusions of law. Plaintiff is directed to submit a form of judgment in favor of plaintiff, United States of America, determining that plaintiff has a lien on the cashier's check in the possession of defendant Lashly and Neun and to the fund represented thereby, superior to all liens and claims of all defendants, foreclosing the tax liens of plaintiff against the said cashier's check, and directing and ordering the proceeds thereof be paid over to plaintiff toward the satisfaction of the indebtedness of Plez Lewis and Son, Inc., to the United States of America.