**M. R. DUGAN d/b/a M. R. Dugan Auction Company, Plaintiff,**

v.

**MISSOURI NEON & PLASTIC ADVERTISING COMPANY et al., Defendants.**

**Civ. A. No. 2710.**

United States District Court,
W. D. Missouri, S. D.

Nov. 11, 1971.

---

15. Miss.Code, Ann. § 6998–04 (Supp. 1971).

16. Miss.Code, Ann. 6998–38 (1953).

James H. Wesley, II, Springfield, Mo., for plaintiff.

Bert C. Hurn, U.S. Atty. for Western District of Missouri, Paul Anthony White, Asst. U.S. Atty., for the United States.

James F. Fleischaker, Joplin, Mo., for Tubelite Co., Inc.

## MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF THE UNITED STATES

COLLINSON, District Judge.

This is an interpleader action. Plaintiff has deposited the sum of $6274.03 into the registry of the Court, and has named the three adverse claimants to this sum as defendants. Presently pending are motions for summary judgment filed by Tubelite Company, Inc. [hereinafter "Tubelite"] and the United States. The third named defendant, Missouri Neon and Plastic Advertising Company, has not filed an answer in this action.

The facts are not in dispute. In May, 1970, Tubelite filed an action against Told Brothers Sign Company, Inc. ["Told Bros."], in the Circuit Court of Jasper County, Missouri, and obtained service upon Told Bros. On June 5, 1970, the United States made assessments for withholding tax and interest against Dickerson Advertising, Inc., d/b/a Told Bros., and on August 19, 1970, filed a tax lien notice. On October 2, 1970, Tubelite obtained a default judgment against Told Bros. and, on the same date, the United States made another assessment against Dickerson Advertising, Inc., d/b/a Told Bros.

On October 15, 1970, plaintiff herein came into possession of $7081.75, the gross proceeds from the public auction of property owned by Told Bros. Immediately after the auction, plaintiff was served with a summons of garnishment which had been previously obtained by Tubelite.

On November 20, 1970, the United States filed a notice of a tax lien relative to the assessment against Told Bros. on October 2, 1970.

The present action was filed on February 12, 1971, while the garnishment action was pending in the state trial court. The plaintiff has deposited the sum of $6274.03 into the registry, representing the proceeds of the auction, less commission and expenses. Plaintiff requests costs and attorneys' fees from this sum. Tubelite claims $4421.92 and interest thereon from the date of garnishment. The United States claims $3065.78 plus interest and penalties under its tax lien of August 19, 1970; and $2391.66 plus interest and penalties under its tax lien of November 20, 1970. Missouri Neon and Plastic Advertising Company, although failing to plead in this action, is said to claim the proceeds of the sale by reason of the fact that it owns all the stock in Told Bros.

Tubelite has conceded that notice of a tax lien filed by the Government on August 19, 1970, gives the United States a prior claim to the proceeds in the amount of $3065.78. However, Tubelite claims the remainder of the proceeds under a prior lien to the Government's November 20, 1970, tax lien.

The United States claims a tax lien under the provisions of 26 U.S.C. § 6321, which provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Section 6323(a) of the same Title provides:

The lien imposed by section 6321 shall not be valid as against any purchaser,

holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate.

The lien imposed by § 6321, *supra,* arises at the time assessment is made, 26 U.S.C. § 6322, but is not valid against a judgment lien creditor until notice of the lien is duly filed for record. Tubelite, claiming to be a judgment lien creditor, asserts it has a lien, which came into existence prior to the filing of the notice of the second federal tax lien.

The only question of law present herein is whether or not Tubelite was a judgment lien creditor prior to the filing of the Government's tax lien.

■ Tubelite obtained a default judgment against Told Bros. on October 2, 1970. In Missouri, a judgment is a lien upon real property in the county in which the judgment is rendered or in which a transcript thereof has been filed. This lien commences the day of the rendition of the judgment and continues for three years unless revived. See Missouri Supreme Court Rules 74.-34, 74.35, 74.71, and 74.74, V.A.M.R. However, no lien on personal property is created until an execution has been issued and levied. Rule 76.17, V.A.M.R., provides:

No execution prior to the levy thereof shall be a lien on any goods, chattels or other personal property, or the rights or shares in any stock, or any real estate to which the lien of the judgment, order or decree does not extend * * *.

[See also § 513.085, RSMo 1959.]

■ Therefore, under Missouri law, Tubelite obtained no judgment lien as a result of its default judgment against Told Bros. on October 2, 1970.

However, Tubelite contends that it became a judgment lien creditor on October 15, 1970, by serving a summons of garnishment on plaintiff. Tubelite cites § 525.040, RSMo 1959, which provides in part:

Notice of garnishment * * * shall have the effect of attaching all personal property, money, rights, credits, bonds, bills, notes, drafts, checks or other choses in action of the defendant in the garnishee's possession or charge, or under his control at the time of the service of the garnishment, or which may come into his possession or charge, or under his control, or be owing by him, between that time and the time of filing his answer; but he shall not be liable to a judgment in money on account of such bonds, bills, notes, drafts, checks or other choses in action, unless the same shall have been converted into money since the garnishment, or he fail, in such time as the court may prescribe, to deliver them into court, or to the sheriff or other person designated by the court.

■ Missouri case law generally provides that service of a garnishment summons does not create a lien upon specific property until it comes into the possession of the sheriff. See State ex rel. Rabiste v. Southern, 300 Mo. 417, 254 S. W. 166; Jacques v. Goggin, 362 Mo. 1005, 245 S.W.2d 904. In *Jacques,* the court stated at 908:

No lien exists in favor of a plaintiff upon property of an attachment or execution defendant in the hands of the garnishee until such property comes into the hands of the sheriff.

See also Chenoweth v. La Master (Mo. App.) 342 S.W.2d 500, 501, n. 1. Missouri Supreme Court Rule 76.17, *supra.*

It is conceded that the sheriff did not have possession of the funds herein at any time.

■ It is apparent that no lien on personal property is created until an execution is issued and levied. United States v. Plez Lewis & Son, Inc. (E.D. Mo.) 272 F.Supp. 221. Therefore, the

service of the garnishment summons did not make Tubelite a judgment lien creditor within the meaning of § 6323(a), *supra.*

  Tubelite, however, contends that under Missouri case law, it "may rely on a personal judgment against the garnishee, as distinguished from a recovery of the specific property involved, if he so elects," citing Jacques v. Goggin, *supra,* 245 S.W.2d at 908. This, Tubelite contends, creates an "equitable lien on property in the hands of the garnishee" which is valid against the garnishee and against all transferees of the garnishee except bona fide purchaser for value without notice of the garnishment. Tubelite cites Marx v. Hart, 166 Mo. 503, 66 S.W. 260, 266; Shingleton v. Armour Boulevard Corp. (C.A. 8) 96 F.2d 473. From this Tubelite concludes that an equitable lien on the property has been established so as to grant it priority to the Government tax lien under § 6323(a), *supra.*

However, the cases cited by Tubelite as creating an equitable lien are applied as to the garnishee and do not create a judgment lien prior to the federal tax lien. Under these cases, and under § 525.040, *supra,* the garnishor acquires the right to proceed against the garnishee personally. Missouri law, as cited above, expressly requires that the service of a garnishment notice does not create a lien upon specific property until the specific property garnishee comes into the possession of the sheriff. Failing that, Tubelite has not established that it is a judgment lien creditor prior in time to the Government tax lien.

The case of United States v. 52.11 Acres of Land, etc. (E.D.Mo.) 73 F.Supp. 820, cited by Tubelite as being very similar on facts to the case at bar, is not controlling here. The facts differ extensively from the case at hand. Moreover, that case was decided in 1947, long before the amendment to § 6323(a) was adopted in 1966, changing "judgment creditor" to "Judgment lien credi-

tor." See, e. g., Beeghly v. Wilson, (N.D.Iowa) 152 F.Supp. 726, 733.

Accordingly, the Court finds that Tubelite was not a judgment lien creditor within the meaning of § 6323(a), *supra.*