**J. H. JEWELRY CO., Plaintiff**

v.

**V. I. JEWELRY AND REPAIRS, INC., Defendant**

Civil No. 572/1980

**PROJECT THREE, INC., a Virgin Islands Corporation, Plaintiff**

v.

**V. I. JEWELRY AND REPAIRS, INC., Defendant**

Civil No. 969/1981

**MERZ EXPORT GMBH and ORSA (Orefebreria Internacional S.A. de C.V.), Plaintiff**

v.

**V. I. JEWELRY AND REPAIRS, INC., Defendant**

Civil No. 846/1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 24, 1981

DAVID S. HOFFENBERG, ESQ., St. Thomas, V.I., *for plaintiff J. H. Jewelry Co.*

ADRIENNE PALMER, ESQ., St. Thomas, V.I., *for defendant V. I. Jewelry and Repairs, Inc.*

GERALD DENNENBERG, ESQ., St. Thomas, V.I., *for plaintiff Project Three, Inc.*

THOMAS K. MOORE, ESQ., St. Thomas, V.I., *for plaintiffs Merz and Orsa*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Four judgment creditors demand priority in satisfaction of their rival writs because the debtor's funds are insufficient to satisfy each creditor. With no specific Virgin Islands statute in control, the court must decide in what order these writs must be satisfied.

J. H. Jewelry Co., holder of the earliest writ, moves for an order releasing funds from the court's registry. These funds were received by the Territorial Marshal to satisfy two later writs of creditors in other actions. J. H. Jewelry argues that the marshal and the court have a duty to satisfy writs in the order in which they are issued.

The later creditors, Project Three, Inc., Merz Export GMBH, and ORSA (Orfebreria Internacional, S.A. de C.V.), claim that J. H. Jewelry's writ is defective. Merz Export and ORSA also claim that the priority of the competing writs should be determined by the date the marshal levies on them—not by the date they are issued.

All four creditors hold judgments against V. I. Jewelry and Repairs, Inc. as the result of three separate lawsuits. A default judgment was entered on October 22, 1980 in favor of J. H. Jewelry in the sum of $5,549.71 and a writ of execution in that amount was issued on November 18, 1980. Next, on December 15, 1980, Project Three obtained a writ of attachment for V. I. Jewelry's property in the sum of $5,031.47.[1] Finally, on December 5, 1980, Merz Export and ORSA obtained a single default judgment, and a writ of execution in the sum of $24,273.71 was issued on January 8, 1981.

A court-approved stipulation, entered on January 16, 1981, permitted Merz Export and ORSA and Project Three to satisfy their claims from an insurance check due to V. I. Jewelry from the Alliance Assurance Company in the sum of $28,605.18. This check was attached specifically by Project Three's writ of attachment and was written into the writ of execution issued to Merz and ORSA as property for execution at their direction. The stipulation allowed the insurance company to settle Project Three's claim by direct payment. The stipulation also provided that the remainder of the insurance proceeds would be deposited with the Territorial Court for satisfaction of the writ held by Merz Export and ORSA. This stipulation was approved, however, without knowledge of J. H. Jewelry Co.'s earlier writ, and upon an express statement by the Territorial Marshal that he had no other unsatisfied writs against. V. I. Jewelry. Upon learning that the marshal had these funds, J. H. Jewelry filed its motion requesting the court to satisfy its previously issued writ.

■■ Merz Export and ORSA argue that J. H. Jewelry's writ is defective and should not be honored because the writ does not specify property to be levied on by the marshal. No basis exists, however, for holding J. H. Jewelry's writ void. By its terms, the Virgin Islands execution statute permits writs of execution to state generally that they should be satisfied "out of the personal property of

---

[1] A stipulation for dismissal, signed by counsel for Project Three and the defendant V. I. Jewelry, was approved by the court on January 14, 1981. The stipulation provided for V. I. Jewelry to pay Project Three the $5,031.47 it attached either through the Clerk of the Court or by direct payment from Alliance Assurance Co., the holder of the funds.

[the] debtor." 5 V.I.C. § 473(1) (1967). This statutory language appears on the form writ issued by this court to the marshal on behalf of J. H. Jewelry. The writ does not expressly require the delivery of personal property, and therefore no property need be "particularly" described. 5 V.I.C. § 473(1) (1967). Cf. Martel v. Bearce, 311 A.2d 540 (Me. 1973). The priority of these three writs, therefore, must be determined.

■ The fairest way to execute writs is to satisfy them in the order they were received by the marshal, subject to any superior rights in seized property. Use of this method is compelled by analysis of the territory's statutory system for execution against judgments as well as the common law. The Virgin Islands execution statutes require the marshal to:

> . . . endorse upon the writ of execution the time he received the same, and such writ shall be promptly executed by the marshal and shall be returnable, within sixty days after its receipt by the marshal, to the clerk's office from which it is issued.

5 V.I.C. § 474 (Supp. 1979). Long ago the Wisconsin Supreme Court said of almost identical statutory language:

> The only possible object of this statute is that the officer shall proceed to levy executions in the precise order of time in which they are received and endorsed, and to confer upon an execution plaintiff a priority right to such levy. . .

Ohlson v. Pierce, 12 N.W. 429, 430 (Wis. 1882). This logic has not faded with time.

■■ If the priority of writs is determined by when the marshal chooses to levy on them, he would have unbridled discretion over the satisfaction of judgments. Clearly, that is unacceptable and would constitute an open invitation for abuse and the potential for inequitable results. Moreover, this construction of the territory's execution statutes is harmonious with the common law and many state statutory schemes. E.g., Flagship State Bank of Jacksonville v. Carantzas, 352 So.2d 1259 (Fla. App. 1978) and Family Finance Corporation v. Jenkins, 131 N.J. Super. 336, 329 A.2d 604 (Essex County 1974). See also Great Falls Transfer and Storage Company v. Pan American Petroleum Corporation, 353 F.2d 348 (10th Cir. 1965), and Commercial Transport Corporation v. Robinson Grain Company, 354 F.Supp. 342 (W.D. Ky. 1972). Because J. H. Jewelry's writ of execution was the first one received by the marshal, it must

be satisfied first from the insurance check unless a superior right to that check exists.

Merz Export and ORSA claim superior rights in the insurance check on the theory of a judgment lien. This lien, they argue, was perfected upon the execution of their writ by the marshal. In the Virgin Islands, though, no such lien exists. This is because judgment liens did not exist at common law and may only be created by statute, United States v. Cleavenger, 325 F.Supp. 871 (D. Ind. 1971), appeal dismissed 483 F.2d 1406 (6th Cir. 1971), and Virgin Islands law creates judgment liens only against real property. 5 V.I.C. § 425 (1967). Compare Dugan v. Missouri Neon & Plastic Advertising Company, 334 F.Supp. 1222 (W.D. Mo. 1971). Consequently, no superior rights to the insurance check can be claimed by Merz Export and ORSA based on their later writ of execution because their writ was issued last.

The proceeds of the check are sufficient to pay the claims of both J. H. Jewelry and Project Three, and no decision, therefore, is necessary as to the relative priority of these claims and none is made.[2] What funds remain after payment of J. H. Jewelry's claim will be released to Merz Export and ORSA. For these reasons, it is

ORDERED that the order entered in Civil Nos. 846/80 and 969/81 on January 16, 1981 is vacated insofar as it ordered payment to Merz Export and ORSA, and it is further

ORDERED that the motion of J. H. Jewelry Co., plaintiff in Civil No. 572/80, is granted, and the Cashier of the Territorial Court is directed to release to J. H. Jewelry $5,549.71 of the $23,573.41 paid into the court by the Alliance Assurance Company, pursuant to the order dated January 16, 1981, and it is further

ORDERED that the $18,024.00 balance of the funds paid into the court by the Alliance Assurance Company pursuant to the January 16, 1981 order shall be paid to Thomas K. Moore in trust for Merz Export GMBH and ORSA pursuant to their writ of execution in Civil No. 846/1980, and it is further

---

[2] Project Three claims superior rights to the check by virtue of its writ of attachment. 5 V.I.C. §§ 256(3) and 257 (1967). While the court does not decide whether Project Three's rights in the check are superior to J. H. Jewelry's rights, the marshal is cautioned to maintain a docketing system to ensure that writs are executed in the order he receives them. A party who is injured by the marshal's failure to execute writs in this order may be able to sue the marshal for any damages that occur. E.g. Flagship State Bank of Jacksonville v. Carantzas, 352 So.2d 1259 (Fla. App. 1978) and Ohlson v. Pierce, 12 N.W. 429, 430 (Wis. 1882).

ORDERED that a satisfaction of judgment shall be entered in Civil No. 969/1981 and upon payment in accordance with this order a satisfaction of judgment shall enter in Civil No. 572/1980.