**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3972
_____

A. JEFFREY WEISS;
GARRY GARTEN

v.

JOAN OAT,
Appellant

_____

On Appeal from the District Court
for the District of the Virgin Islands
(D.C. Civil Action No. 3-08-cv-00123)
District Judge:  Honorable Curtis V. Gomez

_____

Submitted under Third Circuit LAR 34.1(a)
on December 9, 2015

Before:  FISHER, KRAUSE, AND ROTH, *Circuit Judges*

(Opinion filed:  February 19, 2016)

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Before this Court is an appeal from the District Court's order confirming the sale of Appellant Joan Oat's leasehold interest to satisfy a judgment in favor of Oat's former attorneys, Appellees A. Jeffrey Weiss and Garry Garten. For the reasons set forth below, we will affirm.

**I. Background**

We write for the parties and therefore provide background only as relevant to the issues on appeal. From 2002 to 2007, Oat, a resident of Connecticut, engaged attorneys Weiss and Garten to represent her in several matters relating to her substantial investments in a Virgin Islands-based company, Sewer Enterprises, Ltd.[1] As a result of that representation, Oat obtained both a money judgment against Sewer Enterprises and, in satisfaction of that judgment, a lien on a leasehold it owned in the Virgin Islands. In 2011, Oat purchased that leasehold at a United States Marshal's sale for $1,000,000.

In 2008, Weiss and Garten sued Oat for their unpaid fees and costs in connection with this representation. They requested, among other forms of relief, a declaration that they possessed a valid lien against the judgment awarded to Oat as a result of the litigation against Sewer Enterprises. After a bench trial, at which Oat did not appear, the District Court determined that Oat was in breach of her contracts with Weiss and Garten but did not specifically award either attorney a lien against the Sewer Enterprises

---

[1] Weiss began representing Oat in 2005.

judgment. The District Court entered money judgments for Weiss and Garten, which, together with pre- and post-judgment interest, amounted to a total judgment against Oat in excess of $650,000.

In an effort to satisfy this judgment, Weiss and Garten filed with the District Court a praecipe requesting a writ of execution directing a Marshal's sale of the leasehold interest Oat acquired from Sewer Enterprises. Under Virgin Islands law,[2] real property may be executed against only if a court's judgment specifically prescribes such execution or "if sufficient personal property cannot be found." V.I. Code Ann. tit. 5, § 473(1) (2014). In their amended praecipe, Weiss and Garten averred that Oat "has no personal property and no bank accounts located within the territory, and that she has previously represented to the District Court that she has no funds and no means to pay the amounts owed to plaintiffs." App. 72. The record reflects that throughout the litigation, including on appeal where she proceeds in forma pauperis, Oat has represented to the court that she is "indigent," "destitute," and "lack[s] . . . financial resources." *E.g.,* Appellant's Br. 2; App. 122-23. The District Court issued the writ of execution, and the Marshal held a sale of the leasehold. Weiss and Garten were the only bidders at the sale, purchasing the leasehold for $495,000.

---

[2] Pursuant to Rule 69 of the Federal Rules of Civil Procedure, "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). We therefore apply the relevant provisions of the Virgin Islands Code.

On May 15, 2013, Weiss and Garten filed a motion in the District Court for an order confirming the sale pursuant to V.I. Code Ann. tit. 5, § 489(1), and on May 23, 2013, Oat filed her opposition to the sale.[3]  On September 20, 2013, the District Court issued an order confirming the sale, which Oat now appeals.

## II. Jurisdiction and Standard of Review

The District Court, sitting in diversity, had jurisdiction to hear this case under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

We review a district court's rulings on motions related to the execution of a judgment for abuse of discretion.  *See, e.g., V.I. Nat'l Bank v. Tyson*, 506 F.2d 802, 804 (3d Cir. 1974) (reviewing denial of motion for relief from order confirming sale for abuse of discretion).  In reviewing a decision for an abuse of discretion, we may affirm on any basis supported by the record.  *See F.D.I.C. v. Deglau*, 207 F.3d 153, 166 (3d Cir. 2000).

## III. Discussion

In light of the fact that Oat is a pro se litigant, we construe her pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).  Oat argues that the District Court's order confirming the sale of her leasehold interest should be set aside because the writ of execution directing the sale did not comply with V.I. Code Ann. tit. 5, § 473(1), which requires that a Marshal attempt to satisfy a judgment out of the personal property of the judgment debtor before executing against any real property.  Weiss and Garten, on

---

[3] Oat filed the same pleading a second time on May 31, 2013.

4

the other hand, contend that Oat's opposition to the confirmation of sale was untimely under V.I. Code Ann. tit. 5, § 489(1) and that, in any event, the writ of execution was proper given Oat's repeated representations to the District Court that she is without financial resources. We conclude that Oat's objections give us no occasion to disturb the District Court's order.

We first address Weiss and Garten's argument that Oat's opposition to their motion for an order confirming sale was untimely, and for this reason, the District Court was within its discretion to confirm the sale over her objections. Under § 489(1), which applies "[w]henever real property is sold on execution," Weiss and Garten were "entitled . . . to have an order confirming the sale," unless Oat filed her objections with the clerk "within five days after the return [of the writ of sale]." The record reflects that the Marshal made return of the writ of sale on Oat's leasehold on April 24, 2013, and filed it with the District Court on May 15, 2013. Oat had five days from the filing of the return of the writ, or until May 20, 2013, to file her objections, *Camacho v. Dodge*, 947 F. Supp. 886, 892 (D.V.I. 1996), but the District Court Clerk's office received the objection to the sale on May 23, 2013.[4] In light of the requirements of § 489(1), we conclude that Oat's

---

[4] Under Rule 69 of the Federal Rules of Civil Procedure, although local law typically applies in execution proceedings, "a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). For this reason, Rule 6 applies to compute the timeliness of a filing. Here, however, the distinction between federal and local law is irrelevant; Oat's filing occurred outside of the time allowed by Virgin Islands law, as well. *See* V.I. Super. Ct. R. 9.

objection was untimely and the District Court therefore did not abuse its discretion by confirming the sale over that objection.

Even if Oat's objection were timely, however, the District Court did not abuse its discretion in confirming the sale. Oat correctly points out that Virgin Islands law requires, unless the judgment itself provides otherwise, that a writ of execution shall direct the Marshal to "satisfy the judgment, with interest, out of the personal property of [the judgment] debtor, and if sufficient personal property cannot be found, then out of the real property belonging to [such debtor]," § 473(1), and furthermore, in the only case interpreting this portion of the statute, the Virgin Islands Superior Court construed this language strictly, requiring an attempt to execute on personal property before turning to real property, *see Citimortgage, Inc. v. Manning*, No. ST-07-CV-456, 2011 WL 3855736, at *3 (V.I. Super. Ct. July 7, 2011); *but cf. Evcco Leasing Corp. v. Ace Trucking Co.*, 828 F.2d 188, 192 (3d Cir. 1987) (noting most jurisdictions construe such statutes as "merely directory in nature" (quoting 30 Am. Jur. 2d *Executions* § 130 (1967))). Oat is also correct that the record contains no evidence that the Marshal attempted to execute on Oat's personal property, and the execution on Oat's real property thus does not appear to have satisfied the requirements of § 473(1) as it has been construed by the Virgin Islands Superior Court. That does not compel a ruling in Oat's favor, however, for, although the statute must be strictly construed, equitable defenses such as waiver or estoppel are still applicable. *See Evcco*, 828 F.2d at 190, 196 (discussing similar New Jersey law).

6

In that vein, Weiss and Garten argue that any attempt to attach personal property belonging to Oat would have been a "useless act" in light of Oat's repeated statements asserting, for example, that she is "indigent" and "destitute," and for that reason the law did not require any such attempt. Appellee's Br. 16-20 (citing *Republic Indus., Inc. v. Cent. Pa. Teamsters Pension Fund*, 693 F.2d 290, 296 (3d Cir. 1982)). We need not reach Weiss and Garten's contention, however, because we conclude on the basis of estoppel that, in these circumstances, the law does not require an attempt to execute on Oat's personal property, regardless of whether such an attempt would in fact have been useless.

The doctrine of estoppel applies to prevent a party from asserting a legal right where that party has made representations inconsistent with that legal right and the other party reasonably relied on those representations, to its detriment. *See, e.g., Bechtel v. Robinson*, 886 F.2d 644, 650 (3d Cir. 1989) (discussing Delaware law); *Mitchell v. Aetna Cas. & Sur. Co.*, 579 F.2d 342, 348 (5th Cir. 1978). Prior to Oat's objection to the order confirming sale, she repeatedly represented to the District Court and to Weiss and Garten that she lacks financial resources. Such representations are inconsistent with Oat's asserting her legal right to have any personal property executed against before real property. In reasonable reliance on those representations, Weiss and Garten drafted a writ of execution directing a Marshal's sale of her real property and pursued this relief in the District Court. For these reasons, Oat is estopped from invoking the statute's protection of her real property to void the Marshal's sale.

7

Oat also requests relief pursuant to Rule 60 of the Federal Rules of Civil Procedure for "fraud on the court." Appellant's Br. 5. To the extent that Oat's opposition to the confirmation of sale can be construed as raising any arguments cognizable under Rule 60, we may properly consider such arguments in this appeal. We previously considered similar requests by Oat for Rule 60 relief when we ruled on her appeal from the District Court's denial of her motions for reconsideration in this matter. As we explained in our order summarily affirming the District Court, in those motions Oat "failed to identify any evidence suggesting that the judgment was obtained through fraud." App. 188. For the same reason, we conclude that Rule 60 relief is not warranted here.

**IV. Conclusion**

For the reasons stated above, we will affirm the judgment of the District Court.