IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

December 29, 2023 11:21 AM
SCT-CIV-2019-0091
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| KAREN TURNBULL-WHEATLEY, and OTHER HEIRS; KENNETH TURNBULL, JR.; KLARIA TURNBULL; KEITH TURNBULL; and VIVETTE TURNBULL, <br> Appellants/Defendants, <br><br> v. <br><br> NAOMI TURNBULL as Successor Trustee of the KENNETH TURNBULL, SR. REVOCABLE TRUST, <br> Appellee/Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**S. Ct. Civ. No. 2019-0091**
Re: Super. Ct. Civ. No. 550/2010 (STT)

<u>Consolidated Cases:</u>
S. Ct. Civ. No. 2019-0062
S. Ct. Civ. No. 2019-0091

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John
Superior Court Judge: Hon. Renee Gumbs-Carty

Considered: November 19, 2020
Filed: December 29, 2023

Cite as: 2023 VI 17

**BEFORE:** **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

**APPEARANCES:**

**Clive C. Rivers, Esq.**
Law Offices of Clive Rivers
St. Thomas, U.S.V.I.
  *Attorney for Appellant,*

**Anna H. Paiewonsky, Esq.**
Paiewonsky Law Firm, PLLC
St. Thomas, U.S.V.I.
  *Attorney for Appellee.*

**OPINION OF THE COURT**

*Turnbull, et al. v. Turnbull*
S. Ct. Civ. No. 2019-0091
Opinion of the Court
Page 2 of 7

2023 VI 17

**CABRET, Associate Justice.**

¶1      Kenneth Turnbull Jr. appeals from the Superior Court's order denying his post-judgment motion contesting the Virgin Islands Marshal's execution on his truck. For the following reasons, we reverse the Superior Court's order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

¶2      This appeal stems from a judgment in the sum of $1,328,956.81 issued on July 15, 2019 in favor of the Kenneth Turnbull Sr. Revocable Trust and against Karen Turnbull-Wheatley, and Kenneth Turnbull Jr., as well as Keith, Klaria, and Vivette Turnbull. (0091 JA 64).[1] The judgment directed the sale of Parcel No. 13BAA Estate Enighed, in St. John (the "Property"), and ordered the seizure of Karen's one-sixth interest in the proceeds from the Property sale, as well as the seizure of any real or personal property owned by Karen. (0091 JA 78-80). Finally, provided a debt remained after Karen's one-sixth interest in the Property and personal property was seized, Kenneth Jr., Keith, and Klaria's equal one-sixth interests in the proceeds from the sale of the Property could also be seized.[2] (0091 JA 111-114).

---

[1] By order entered on October 16, 2020, this appeal was consolidated for argument with Case No. 2019-0062.

[2] The July 15, 2019 judgment reads in part:

> ORDERED that if the Property cannot be sold by a real estate agent within 6 months from the date of this Order, then it must be seized and sold at a Marshal's sale by public auction to the highest bidder with the proceeds distributed pursuant to this Order; and it is further

> ....

> ORDERED that any and all of Karen Turnbull-Wheatley's one-sixth interest in the proceeds from the sale of the Property shall go to Plaintiff to satisfy Plaintiff's one-third interest in the rental income that was never distributed to Plaintiff and to pay down any balance on the $1,082,620.59 entered against her and in favor of Plaintiff; and it is further

> ORDERED that the V.I. Marshals are hereby authorized to seize any and all assets belonging to Karen Turnbull-Wheatley, including any bank accounts at FirstBank Virgin Islands, Bank of Nova Scotia, Banco

*Turnbull, et al. v. Turnbull*  
S. Ct. Civ. No. 2019-0091  
Opinion of the Court  
Page 3 of 7

2023 VI 17

¶3      Following entry of the judgment, the Appellee Naomi Turnbull, as Successor Trustee of the revocable trust, filed an amended praecipe requesting a writ of execution. (0091 JA 82-83). This praecipe identified nine real and personal property assets belonging to Karen. *Id.* In response, the Superior Court issued a writ directing the Marshal to seize the "personal [assets] belonging to said debtor." (0091 JA 85; Appellant's Br. At 11-12). Although the Superior Court did not specifically refer to Karen by name in the writ of execution, and instead used the words "said debtor," these words could only reasonably be understood to refer to Karen, since Appellee, in the praecipe requesting the writ, had identified only Karen's property. Thus, execution pursuant to the writ was limited to Karen's specified real and personal property. (0091 JA 82-83; 85). Notwithstanding the express terms of the judgment and the writ of execution, the Marshal seized Kenneth Jr.'s truck on November 4, 2019. (0091 Appellant's Br. at 11-12). The following day, Kenneth Jr. filed a motion requesting the Superior Court to order the release of his truck on the basis that the seizure was wrongful and not in compliance with the court's judgment, which only authorized the seizure of all of Karen's real and personal property followed by the seizure of the one-sixth interests in the Property held by Kenneth Jr., Keith, and Klaria. (0091 JA 94-96). The Superior Court denied that motion and Kenneth Jr. timely appealed the Superior Court's order. (0091 JA 123; 0091 Not. of Appeal).

---

Popular de Puerto Rico, Merchants Commercial bank, GERS pensions, retirement funds, and any real or personal property to satisfy the balance of the debt plus interest at 4% per annum until judgment is satisfied in full; and it is further

ORDERED that if after Plaintiff receives Karen Turnbull-Wheatley's one-sixth interest and the $1,082,620.59 judgment is not satisfied, Plaintiff shall receive any and all of Kenneth Jr., Keith, and Klaria's one-sixth interests in equal amounts to satisfy the outstanding balance of the judgment that represents Plaintiff's one-third interest...

(0091 JA 111-114).

*Turnbull, et al. v. Turnbull*
S. Ct. Civ. No. 2019-0091
Opinion of the Court
Page 4 of 7

2023 VI 17

## II. JURISDICTION AND STANDARD OF REVIEW

¶4        This Court may not consider the merits of an appeal unless it first determines that it has jurisdiction over the matter. *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008). "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." V.I. CODE ANN. tit. 4, § 32(a). "A denial of a post-judgment motion is a final order from which an appeal may [lie]." *Estate of Ludington v. Jaber*, 54 V.I. 678, 681 (V.I. 2011). *See Nestor v. Dependable Ins. Co.*, 535 So. 2d 710, 710 (Fla. Dist. Ct. App. 1988) (a court's grant or denial of a motion following the execution on a judgment is considered an appealable final judgment in itself) (citing *Orange Belt Packing Co. v. International Agricultural Corp.*, 150 So. 264, 265 (Fla. 1933)).[3]

## III. DISCUSSION

### A. Seizure of Kenneth Jr.'s Truck by the Marshal

¶5        Kenneth Jr. argues that the Superior Court erred in allowing the Marshal to seize his truck to satisfy the judgment and erred in denying his post-judgment motion requesting the release of his truck. (0091 Appellant's Br. at 7, 13).

¶6        First, Kenneth Jr. argues that the Superior Court's order denying his motion was invalid, as the Marshal could not levy on the writ beyond the statutory sixty-day period pursuant to 5 V.I.C.

---

[3] *See also Nat'l Disc. Corp. v. O'Mell*, 194 F.2d 452, 456 (6th Cir. 1952) ("The writ of execution is not the judgment. Its function is to make effective the prior judgment of the Court."); *Juneau Spruce Corp. v. Int'l Longshoremen's & Warehousemen's Union*, 128 F. Supp. 697, 705 (D. Haw. 1955) ("A writ of execution is not part of the judgment itself and must be distinguished from it. It is a procedural devi[c]e issued by a court to assist a successful litigant in obtaining the benefits of the judgment awarded him. Its sole function is related to enforcing the judgment of the court.") (citations omitted); *Cahn v. Allen*, 8 A.2d 67, 67 (N.J. Sup. Ct. 1939) ("Here it is not a judgment that is sought to be reviewed but subsequent proceedings thereon.... Execution... is no part of the judgment. It is rather an entirely subsequent proceeding in the cause....").

*Turnbull, et al. v. Turnbull*
S. Ct. Civ. No. 2019-0091
Opinion of the Court
Page 5 of 7

2023 VI 17

§ 474.[4] (0091 Appellant's Br. at 13). Kenneth Jr. also argues that the execution violated his Fourth Amendment constitutional rights against unlawful seizures. (0091 Appellant's Br. at 18). But Kenneth Jr. waived these arguments, as he failed to raise them in his November 5, 2019 motion to the Superior Court requesting the release of his truck. *See* V.I. R. App. P 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal...."); *Alvarez v. Est. of Keel*, 2020 V.I. 15, ¶ 17 n.5. Consequently, because Kenneth Jr. waived these arguments, we do not address them.

¶7     Kenneth Jr. also contends that the Superior Court erred in denying his post-judgment motion because the seizure of his truck was not authorized by the underlying judgment. (0091 Appellant's Br. at 16). We agree.

¶8     In the Virgin Islands, a writ of execution must substantially describe the judgment and state the monetary amount due. V.I. Code Ann. tit. 5, § 473. The writ, if against the property of a judgment debtor or judgment debtors, must follow a particular procedure when seeking to satisfy the underlying judgment. *Id.* First, if the judgment directs that particular property be sold, the writ of execution must require the Marshal to sell such property and apply the proceeds as directed by the judgment. V.I. Code Ann. tit. 5, § 473(1). *See In re FirstBank Puerto Rico*, 2008 WL 5605713, at *2 (V.I. 2008)(unpublished). Otherwise, the judgment, with any attendant interest, must be satisfied out of the debtors' personal property. *Id.* If sufficient personal property cannot be found, then the judgment must be satisfied out of the debtors' real property. *Id. See Stack's v. Gordon*, 17 V.I. 177, 185 (Terr. Ct. 1981). *See also Weiss v. Oat*, 640 Fed. Appx. 164, 167 (3d Cir. 2016). While a writ need not identify particular property, it cannot direct the seizure of property not

---

[4] V.I. Code Ann. tit. 5, § 474.

*Turnbull, et al. v. Turnbull*
S. Ct. Civ. No. 2019-0091
Opinion of the Court
Page 6 of 7

2023 VI 17

identified in the judgment. *See Great Bay Condominium Owners' Ass'n v. Merryman*, 2010 WL 7371946, at *2 (V.I. Super. Aug. 9, 2010); *see also J.H. Jewelry Co. v. V.I. Jewelry & Repairs*, 17 V.I. 215, 217-18 (V.I. Super. Feb. 24, 1981). Further, the execution may not exceed the scope and terms of the underlying judgment. *Citimortgage, Inc. v. Manning*, 2011 WL 3855736, at *2 (V.I. Super. July 7, 2011).

¶9 Here, the Superior Court judgment specifically ordered the sale of the Property, followed by the seizure of Karen's proceeds from the sale and then by seizure of Karen's real and personal property. (0091 JA 78-79). The seizure of assets does not extend to any property of Kenneth Jr., except for his one-sixth interest in the Property conditioned on the judgment remaining unsatisfied following execution upon Karen's one-sixth interest in the Property sale and execution upon her personal assets. (0091 JA 80; 95). Further, the writ never authorized the seizure of real or personal property belonging to Kenneth Jr. The writ only authorized the seizure of Karen's property. Therefore, the seizure of Kenneth Jr.'s truck was not lawful.

## IV. CONCLUSION

¶10 Because the Marshal's seizure of Kenneth Jr.'s truck exceeded the terms of the July 15, 2019 judgment, and the writ did not authorize its seizure, the execution was invalid under V.I. CODE ANN. tit. 5, § 473(1). Consequently, the Superior Court erred by denying Kenneth Jr.'s motion requesting the release of his truck. We therefore reverse the Superior Court's denial of Kenneth Jr.'s motion and remand to the Superior Court with directions to enter an order requiring the Marshal to release Kenneth Jr.'s truck.

**Dated this 29th day of December, 2023.**

**BY THE COURT:**

*Turnbull, et al. v. Turnbull*
S. Ct. Civ. No. 2019-0091
Opinion of the Court
Page 7 of 7

2023 VI 17

/s/

**MARIA M. CABRET**
**Associate Justice**

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:**

**Deputy Clerk**

**Dated**: 12-29-23